ROBERT H. WILDE #3466
BRUCE M. FRANSON #10792
ROBERT H. WILDE, ATTORNEY AT LAW, P.C.
935 East South Union Avenue Suite D-102
Midvale, Utah 84047
Telephone: (801) 255-4774
Fax: (801) 566-5202

*Attorneys for Defendant Thomas Jefferson School of Law*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESSE ANNE MAJORS,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS JEFFERSON SCHOOL OF LAW, a California nonprofit public benefit corporation, RUDY HASL, JEFFREY JOSEPH, BETH KRANSBERGER, ERIC MITNICK, JULIE GARRETT, CLAIRE WRIGHT, JOY DELMAN, JULIE CROMER-YOUNG, ARNOLD ROSENBERG, JANE LARRINGTON, PATRICK MEYER, LISA FERREIRA, ANGELA BAYNE, JAN DAUSS, LISA CHIGOS, CATHERINE DEAN, AND ALL MEMBERS OF THE ETHICS COMMITTEE OF THOMAS JEFFERSON SCHOOL OF LAW 2006-2011,<br><br>    Defendants, | MEMORANDUM SUPPORTING MOTION TO DISMISS<br><br>Case No.: 2:11cv00558 CW |

BACKGROUND

The Plaintiff is law trained, having completed most of her law school studies at Defendant Thomas Jefferson School of Law. Her Amended Complaint contains no enumerated causes of action. It does contain a two paragraph introduction, three paragraphs alleging venue and jurisdiction and 15 paragraphs of factual narrative. Paragraph two alleges;

> Since the beginning of attendance at TJSL [Thomas Jefferson School of Law], Plaintiff has been the victim of various crimes including, but not limited to, harassment, intimidation, religious, gender and age discrimination, defamation, slander, libel, intentional infliction of mental anguish and emotional distress, creation of hostile educational environment, violation of her due·process and constitutional rights; violations of professional conduct, and unethical behavior.

Defendant Thomas Jefferson School of Law has moved to dismiss the Amended Complaint under Rule 12(b)(6) Fed. R. Civ. P. on the grounds that it fails to state a claim upon which relief may be granted.

STANDARD OF REVIEW

To withstand a motion to dismiss, a "complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Okla. ex rel. Dep't of Soc. Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The purpose of this "plausibility" requirement is "to weed out claims that do not in the absence of additional allegations have a reasonable prospect of success [and] inform the Defendants of the actual grounds of the claim against them." Id. at 1248. Applied to all civil actions, the *Twombly* standard "demands more than an unadorned the-Defendant-unlawfully harmed- me accusation" and requires more than "naked assertions devoid of factual development . . . more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950-51

(2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. As a result, "to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Twombly* at 570. Specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. Accordingly, to overcome a motion to dismiss, a Plaintiff's allegations must move from conceivable to plausible. See *Iqbal*, 129 S.Ct. at 1950-51; *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161-62 (10th Cir. 2007). In this case, Plaintiff's Amended Complaint fails to meet the heightened pleading standard set forth in *Twombly* and *Iqbal*.

DEFECTS IN PLEADING

Before considering the lack of proper pleading in Plaintiff's Amended Complaint it should be noted that a cause of action does not exist for every slight or harm. *Davencourt at Pilgrims Landing Homeowners Ass'n v. Davencourt at Pilgrims Landing, LC*, 221 P.3d 234 (Utah 2009) (Utah does not recognize a cause of action for failing to follow the building code). With this in mind it is evident that most, if not all, of Plaintiff's concerns have no basis in law and do not support civil causes of action arising from her grievances. From reading Plaintiff's Amended Complaint it is evident that she has serious issues with the Defendants. Those issues are not sufficient to support a law suit.

**Crimes**. Paragraph two of the Amended Complaint may be properly read to allege that the wrongs Plaintiff alleges were crimes. If they were in fact crimes that does not necessarily infer that they are also actionable in a civil law suit. *Trustees of Boston Univ. v. ASM Communs., Inc.*, 33 F. Supp. 2d 66, 75 (D. Mass. 1998) (penal statutes may be construed as creating a civil cause of action

only if the criminal statute expressly, or by clear implication, shows a legislative intent to do so.)

**Constitutional violations**. In paragraph two of her complaint Plaintiff alleges due process and constitutional violations but has failed to allege that any action taken was taken under color of law or that any actor was a government actor. Defendant TJSL is a private educational institution. Color of law or government action are required elements for any claim for a violation of constitutional rights. *Sigmon v. CommunityCare HMO, Inc*., 234 F.3d 1121 (10th Cir. 2000).

**Defamation**. Plaintiff uses the words slander, libel and defamation but fails to plead with the specificity required to support these causes of action. To have an actionable claim a Plaintiff must plead and prove "(1) the Defendant published the statements [in print or orally]; (2) the statements were false; (3) the statements were not subject to privilege; (4) the statements were published with the requisite degree of fault; and (5) the statements resulted in damages." *Oman v. Davis Sch. Dist*., 194 P.3d 956, 972 (Utah 2008). Pleading defamation requires specificity including what was said, to whom it was said, and when and where it was said. *Dennett v. Smith,* 445 P.2d 983 (Utah 1968). Absent this variety of specificity Defendant will have no basis for formulating an answer or asserting defenses.

**Harassment and discrimination**. Plaintiff claims she was harassed and discriminated against by virtue of her sex, her age, and her religion. Discrimination and harassment claims may only be pursued within an approved statutory framework. *Gottling v. P.R. Inc.,* 61 P.3d 989 (Utah 2002). Plaintiff has failed to identify any statute under which she asserts her harassment and discrimination claims have been brought. She has also failed to allege exhaustion of any related administrative remedies.

**Professional and ethical violations**. While Plaintiff's concerns about her treatment may or may not constitute departures from professional or ethical standards they do not form the basis for a claim in this law suit.  *Archuleta v. Hughes*, 969 P.2d 409 (Utah 1998) (Utah Rules of Professional Conduct are not designed to create a civil cause of action). See also, *Kilpatrick v. Wiley, Rein & Fielding*, 909 P.2d 1283, 1291 (Utah Ct. App. 1996). In her narrative of alleged facts nothing Plaintiff has alleged as an ethical violation constitutes a civil cause of action.

**Other pleading**.  Without parsing every term in paragraph two it suffices to say that Plaintiff has failed to allege facts which would support any cognizable claim. She has listed emotional distress as a cause when it would be an element of damages if it existed. She has failed to identify facts supporting the elements of an emotional distress claim or to match any of her factual assertions with those elements. She has not told us whether the emotional distress was inflicted negligently or intentionally. In short, all of her pleading is inadequate. She claims she was intimidated but fails to describe anything suggesting that intimidation is actionable in court.

CONCLUSION

*Twombly* and *Iqbal* set a reasonable standard for pleading to allow a Defendant to understand what claims are being made before embarking on discovery. Plaintiff's Amended Complaint is completely inadequate to allow the Defendant to understand her claims and to prepare to defend itself. Rule 12(b)(6) requires much more than has been tendered here. The Amended Complaint truly fails to state a claim upon which relief may be granted. It should be dismissed.

DATED this 16th day of June, 2011.

/s/ Robert H. Wilde
ROBERT H. WILDE
Attorney for Defendant Thomas Jefferson School of Law

Delivery Certificate

I hereby certify that I caused a true and correct copy of the foregoing Memorandum to be served by the method(s) indicated below and addressed to the following on this 16th day of June, 2011.

Jesse Anne Majors
6649 South 5500 West
West Jordan, Utah 84081

Delivered:

(X) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
( ) E-mail
( ) CM/ECF Posting

/s/ Robert H. Wilde