1

| | |
|---|---|
| My Name | Jesse Majors |
| Address | 6649 South 5500 West |
| City, State, Zip | West Jordan, Utah 84081 |
| Phone | 801-360-6880 |
| E-mail | jessemajors@netscape.com |

FILED
U.S. DISTRICT COURT

2011 JUN 29  P 1:14

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

2

I am the   X Plaintiff
☐ Attorney for the Plaintiff and my Utah Bar number is _____

3

4            IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

5                                    CENTRAL DIVISION

6

| | |
|---|---|
| JESSE ANNE MAJORS<br><br>            Plaintiff,<br><br>vs.<br><br>THOMAS JEFFERSON SCHOOL OF LAW, a California Corporation, and RUDY HASL and JEFFREY JOSEPH and BETH KRANSBERGER and ERIC MITNICK and JULIE GARRETT and CLAIRE WRIGHT and JOY DELMAN and JULIE CROMER-YOUNG and ARNOLD ROSENBERG and JANE LARRINGTON and PATRICK MEYER and LISA FERREIRA and ANGELA BAYNE and JAN DAUSS AND LISA CHIGOS and CATHERINE DEAN and ALL MEMBERS OF THE ETHICS COMMITTEE OF THOMAS JEFFERSON SCHOOL OF LAW 2006-2011<br><br>            Defendants. | **OBJECTION TO MOTION TO DISMISS**<br><br>Case No.  2:11cv00558-CW-SA<br><br>Judge Clark Waddoups<br>Magistrate Judge Samuel Alba<br><br>**DEMAND FOR JURY TRIAL** |

7
8
9         Pursuant to Rule 8(a)(1) Fed. R. Civ. P., Plaintiff Jesse Anne Majors moves the court for

10   an order denying Defendants' Motion to Dismiss on the grounds that Plaintiff's pleading gives

11   Defendants sufficient notice and adequate information to allow it to formulate an answer,

meeting the standard set by *Bell Atlantic Corp. v. Twombly,* 660 U.S. 544, 570 (2007). While *Twombly* is the current standard, aspects of *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) have not been ignored, thus Plaintiff also argues that her complaint should not be dismissed and her case should move to the discovery and trial phases of litigation as *Conley v. Gibson* states that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Plaintiff further requests that discovery and trial proceed to permit Plaintiff the "opportunity to be heard", and "confront those witnesses against [her]", rights granted to her by the Fifth, Sixth and Fourteenth Amendments to the Constitution, and prove through the discovery and trial process that her allegations are more than merely "plausible". U.S.C.A. Const. Amend.V, VI and XIV.

DATED this 29th of June, 2011.

/s/ Jesse Anne Majors
Jesse Anne Majors
Pro Se

Delivery Certificate

I hereby certify that I caused a true and correct copy of the foregoing Objection to be served by the method indicated below and addressed to the following on this 25th day of June, 2011.

Robert H. Wilde #3466
Bruce M. Franson #10792
Robert H. Wilde, Attorney At Law, P.C.
935 East South Union Avenue, Suite D-102
Midvale, Utah 84047

*Attorneys for Defendant Thomas Jefferson School of Law*

Delivered:

(X) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
( ) E-Mail
( ) CM/ECF Posting

/s/ Jesse Anne Majors
Jesse Anne Majors
Pro Se

FILED DISTRICT COURT
Third Judicial District

MAY 1 2 2011

SALT LAKE COUNTY
By _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| JESSE ANNE MAJORS<br><br>   Plaintiff,<br><br>vs.<br><br>THOMAS JEFFERSON SCHOOL OF LAW, a California Corporation, and RUDY HASL and JEFFREY JOSEPH and BETH KRANSBERGER and ERIC MITNICK and JULIE GARRETT and CLAIRE WRIGHT and JOY DELMAN and JULIE CROMER-YOUNG and ARNOLD ROSENBERG and JANE LARRINGTON and PATRICK MEYER and LISA FERREIRA and ANGELA BAYNE and JAN DAUSS AND LISA CHIGOS and CATHERINE DEAN and ALL MEMBERS OF THE ETHICS COMMITTEE OF THOMAS JEFFERSON SCHOOL OF LAW 2006-2011<br><br>   Defendants. | **COMPLAINT**<br><br>Civil No. 110911547 PI<br>Judge Maughan |

$360

Plaintiff complains of Defendants as follows:

## INTRODUCTION

1. This matter involves Jesse's law school career at Thomas Jefferson School of Law (TJSL) during 2006 through 2011.

2. Since the beginning of Jesse's attendance at TJSL, she has been the victim of various crimes including, but not limited to, harassment, intimidation, gender and age discrimination, defamation, slander, libel, intentional infliction of mental anguish and emotional distress, creation of hostile educational environment,

      violation of her due process and constitutional rights, violations of professional conduct, and unethical behavior.

3. In the first year of law school, Jesse was subjected to an assault by a male student in the law school parking lot. An ethics investigation was started. Jesse was falsely accused of vandalizing the male's car in retaliation for the assault. During the interrogation, Jesse was threatened and sexually harassed by Arnold Rosenberg, the interrogator.

4. Jesse completed a directed study project. She was falsely accused of plagiarism and an investigation was started. During the investigation, her due process rights were violated. Jesse's mothering skills and age were unethically questioned. The furtherance of her education and career were unreasonably and intentionally delayed. Jesse was lied to by faculty she trusted and whom defamed her to other faculty, professors, potential employers and her peers. After being coerced, under duress and intimidation, and without representation to assist her in her decision, Jesse accepted a proposal to resolve the alleged ethical violation.

5. For almost two years, Jesse fulfilled her obligations under the proposal, including finding a professor to supervise her on another directed study project, attending 5 hours of legal citation training and completing 5 hours of MCLE Ethics training. Jesse wrote multiple emails and when they were left unanswered, she followed them up with multiple voice messages and even requests for a face-to-face appointment as she was required under the proposal to get preapproval to meet her obligations. She NEVER received a response, from ANYONE she contacted

about it. Therefore, Jesse did the ethical, professional thing she do and wrote a directed study paper, without any assistance, attended 5.5 hours of Ethics training in Utah via podcast, writing a summary of watch she watched and got them approved through the State Bar of California.

6. Jesse has attended sufficient legal study to be granted a graduation certificate reflecting at least a cumulative 2.5GPA and wrote a directed study paper worth of a passing grade. She is being unethically, unprofessionally, and illegally denied these.

7. Upon Jesse's demand that this be done, she has been threatened by Dean Hasl and treated with the utmost disrespect by Jeff Joseph and other personnel. The school has also refused to speak to her family on the phone or email. The school has also disrespected her father, causing Jesse more mental anguish and emotional distress, intentionally inflicted by TJSL.

8. The last threat from TJSL was April 15, 2011 in an email in which they threatened to expel her from school, refuse to give Jesse her transcripts and not allow her to graduate or register for more classes. No action on their part has been taken, further preventing the progress of her career, causing Jesse to miss the deadline for taking the Bar exam, thereby increasing the financial and emotional burden on her family.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction.

5. Defendants, directly and indirectly, singly and in concert, have made use of the means and instrumentalities of mail and interstate commerce in connection with the transactions, acts and courses of educational business alleged herein, certain of which have occurred within the District of Utah.

6. Venue for this action is proper in the District of Utah because certain transactions, acts, practices and courses of business alleged in this Complaint took place in this district and because Jesse resides in this district and because certain of the defendants transact business in this district.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For judgment against defendant in the amount of $200,000,000 (two hundred million dollars); $100,000,000 in actual damages and $100,000,000 in punitive damages.

B. Grade of 4.0 for a paper she has written;

C. Grant of, at least, a 2.20 cumulative GPA;

D. Grant of Certificate of Law and Social Justice;

E. Grant of and distribution of honor cords per participation in several student organizations and foundation of Student Chapter of Animal Legal Defense Fund student organization;

F. Grant of graduation and distribution of accompanying graduation certificate;

G. Injunction against any negative comments or documents being maintained in her file.

DATED: 5-12-11   Signed: _____