ROBERT H. WILDE #3466
BRUCE M. FRANSON #10792
ROBERT H. WILDE, ATTORNEY AT LAW, P.C.
935 East South Union Avenue Suite D-102
Midvale, Utah 84047
Telephone: (801) 255-4774
Fax: (801) 566-5202

*Attorneys for Defendant Thomas Jefferson School of Law*

---

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESSE ANNE MAJORS,<br><br>          Plaintiff,<br><br>v.<br><br>THOMAS JEFFERSON SCHOOL OF LAW, et al,<br><br>          Defendants, | RESPONSE TO MOTION TO APPOINT COUNSEL<br><br><br><br>Case No.: 2:11cv00558 CW |

BACKGROUND

        Plaintiff, Jesse Anne Majors, has moved the court to appoint counsel for her with no citation to any statute or rule or to any claim in her amended complaint which would authorize appointment of counsel.

        After a semester at the University of Utah College of Law Ms. Majors matriculated at Thomas Jefferson School of Law (The School) in the Spring of 2005. Despite the fact that The

School is located in San Diego, California it allowed Ms. Majors to fill some of her requirements by attending classes at the University of Utah College of Law during the Summer of 2007 because of health and personal issues. Other than the credits from the "U" Ms. Majors had no law school credits during 2007. There after she also had difficulty completing classes timely in anticipation of graduation. In June, 2008 Ms. Majors was placed on academic probation when her GPA dropped below 2.0.

Ms. Majors was nearing completion of her law school studies when it was discovered that a paper she had written for a directed study course contained significant plagiarisms. The matter was investigated by The School and then considered by The School's ethics committee and a plan was proposed to rehabilitate Ms. Majors. Part of the plan required Ms. Majors to write another comprehensive research paper which she did. The School examined the second paper and found that it too had significant plagiarisms. Ms. Majors was dismissed from The School. She brought this action in state court which was removed.

Paragraph two of the amended complaint, which is currently subject to a motion to dismiss alleges;

> Since the beginning of attendance at TJSL [Thomas Jefferson School of Law],
> Plaintiff has been the victim of various crimes including, but not limited to,
> harassment, intimidation, religious, gender and age discrimination, defamation,
> slander, libel, intentional infliction of mental anguish and emotional distress, creation
> of hostile educational environment, violation of her due·process and constitutional
> rights; violations of professional conduct, and unethical behavior.

APPOINTMENT OF COUNSEL

There is no automatic right to appointment of counsel in a civil rights case. *Beaudry v.*

*Corrections Corp. of America*, 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present her claims. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). A district court's refusal to appoint counsel for a litigant in a civil case is considered by an appellate court on an abuse of discretion standard. *Id.* ("The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." Id. (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 839 (10th Cir. 1985)).

Tenth Circuit law on appointing counsel raises serious questions as to the validity of Ms. Majors's motion. While the allegations of Ms. Majors's amended complaint show a great deal of frustration by Ms. Majors with The School they do not necessarily translate into viable causes of action. *Hill v. SmithKline Beecham Corp*. suggests that because the claims lack substance no counsel should be appointed to spend time dealing with them. Similarly, because Ms. Majors is sufficiently law trained that she believes she should be awarded her degree without further study or effort on her part *Hill v. SmithKline Beecham Corp*. argues that she should be allowed to use her education and represent herself. She is,.after all, the person who has the best access to all relevant facts. Applying the law cited above it would appear that Ms. Majors does not qualify for appointed counsel.

All this said, it may well be that appointment of counsel would subserve the requirements of Rule 1 Fed. R. Civ. P. and reduce the amount of time both the court and The School's counsel will

have to invest in dealing with this case.

DATED this 5th day of July, 2011.

/s/ Robert H Wilde
ROBERT H. WILDE
Attorney for Defendant Thomas Jefferson School of Law

EXHIBIT Amended Complaint

Delivery Certificate

I hereby certify that I caused a true and correct copy of the foregoing Memorandum to be served by the method(s) indicated below and addressed to the following on this 5th day of July, 2011.

Jesse Anne Majors
6649 South 5500 West
West Jordan, Utah 84081
Jessemajors@netscape.com

Delivered:

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
( x) E-mail
( ) CM/ECF Posting

/s/ Robert H Wilde