ROBERT H. WILDE #3466
BRUCE M. FRANSON #10792
ROBERT H. WILDE, ATTORNEY AT LAW, P.C.
935 East South Union Avenue Suite D-102
Midvale, Utah 84047
Telephone: (801) 255-4774
Fax: (801) 566-5202

*Attorneys for Defendant Thomas Jefferson School of Law*

---

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESSE ANNE MAJORS,<br><br>         Plaintiff,<br><br>v.<br><br>THOMAS JEFFERSON SCHOOL OF LAW, et al,<br><br>         Defendants, | REPLY MEMORANDUM RE: MOTION TO DISMISS<br><br><br>Case No.: 2:11cv00558 CW |

BACKGROUND

Defendant, Thomas Jefferson School of Law, has moved the court to dismiss Plaintiff, Jesse Anne Majors's, amended complaint on the grounds that it fails to state a cause of action under Rule 12(b)(6) Fed. R. Civ. P. after considering the pleading requirements imposed by the United State Supreme Court in the recent cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950-51 (2009) which require the Plaintiff to plead facts sufficient

to make a plausible showing that she has a claim. In response to The School's motion and memorandum Ms. Majors has responded;

> Pursuant to Rule 8(a)(1) Fed. R. Civ. P., Plaintiff Jesse Anne Majors moves the court for an order denying Defendants' Motion to Dismiss on the grounds that Plaintiff's pleading gives Defendants sufficient notice and adequate information to allow it to formulate an answer, Plaintiff's Objection to Motion to Dismiss at 1.

As noted elsewhere, Ms. Majors has virtually completed her law school training and has asked in her complaint that she be awarded her degree. This shows the level of Ms. Majors's legal sophistication and establishes that she should be held to the level of proficiency as other new lawyers and not be treated as an uninitiated pro se party.

ARGUMENT

The School's memorandum supporting its motion to dismiss identified defects in Ms. Majors's pleading generally and specifically described critical failings in each of Ms. Majors's alleged causes of action as alleged in paragraph two of her amended complaint. Some of her claims have heightened pleading requirements even beyond those stated in *Twombly* and *Iqbal*. Her response is functionally no response.

Tenth Circuit case law is quite clear that a party's failure to respond specifically to allegations of a dispositive motion will be fatal to the non-moving party's case. *Hinsdale v. City of Liberal, Kan.*, 19 Fed. Appx. 749, 769 (10th Cir. 1991).  Having stated her response to the motion Ms. Majors may not hereafter come to court with additional arguments or facts in response to The School's motion. *DeFrietas v. Horizon Inv. & Mgmt. Corp.*, 2008 U.S. Dist. LEXIS 5317 (D. Utah 2008). Importantly, a bald conclusion by Ms. Majors that she is correct will not be sufficient to prevail on this motion. *Luttjohann v. Goodyear Tire & Rubber Co.*, 938 F. Supp. 694, 696 (D. Kan.

1996).

Ms. Majors had the opportunity to respond to The School's concerns with her pleading in several different ways. She could have attempted to match her alleged facts to specific claims in paragraph two. That was not done nor would it have been successful. She could have asked for leave to amend her complaint yet again but she chose not to.  She chose the least effective way, ignoring the motion. That being her choice The School is entitled to rely on her response and the court should not countenance attempts by her to escape her choice.

## CONCLUSION

Ms. Majors's failure to respond to The School's motion substantively is fatal to her cause. Because she raises no issues for consideration by the court The School's motion should be granted without further hearing or inquiry.

The School's motion to dismiss should be granted.

DATED this 5th day of July, 2011.

>  /s/ Robert H. Wilde
>  ROBERT H. WILDE
>  Attorney for Defendant Thomas Jefferson School of Law

Delivery Certificate

I hereby certify that I caused a true and correct copy of the foregoing Memorandum to be served by the method(s) indicated below and addressed to the following on this 5th day of July, 2011.

Jesse Anne Majors
6649 South 5500 West
West Jordan, Utah 84081
Jessemajors@netscape.com

Delivered:

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
( x) E-mail
( ) CM/ECF Posting

/s/ Robert H. Wilde