|               |                      |
|---------------|----------------------|
| My Name       | Jesse Majors         |
| Address       | 6649 South 5500 West |
| City, State, Zip | West Jordan, Utah 84081 |
| Phone         | 801-360-6880         |
| E-mail        |                      |

FILED
U.S. DISTRICT COURT
2011 JUL -8  P 1:07
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

I am the   X Plaintiff
           ☐ Attorney for the Plaintiff and my Utah Bar number is _____

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| JESSE ANNE MAJORS<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THOMAS JEFFERSON SCHOOL OF LAW, et al.<br>　　　　Defendants. | **RESPONSE TO DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>Case No.  2:11cv00558 CW<br><br>Judge Clark Waddoups<br>Magistrate Judge Samuel Alba |

### BACKGROUND

1. Plaintiff, Jesse Anne Majors, has moved the court to appoint counsel for her.

2. Plaintiff is relying on "UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, PRO SE LITIGANT GUIDE, OFFICE OF THE CLERK OF COURT, SECTION VI, REQUEST FOR APPOINTMENT OF COUNSEL" packet that is given to pro se litigants by the federal courthouse law clerks upon request.

3. Plaintiff is requesting the court appoint counsel for her, knowing that "the court has a limited number of attorneys that accept cases on behalf of the court."

4. Plaintiff has never argued that she has a right to the appointment of counsel. Plaintiff is aware that "pro se litigants have no right to be represented by court-appointed counsel", and "the court has no obligation to appoint counsel".

5. Plaintiff is aware that "the court will appoint counsel in a few select cases where having an attorney seems particularly appropriate or important."

1

6. Plaintiff is relying on the information in the packet mentioned in Paragraph 2, showing that Plaintiff has the option available to her, and has, therefore, asked the court to make the decision on her behalf, in her favor.

    "If you would like to request that the court appoint counsel to represent you in your lawsuit, you must file a 'motion for appointment of counsel' form with the court. The form should be filed with the complaint."

7. Plaintiff also relied on "UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, PRO SE LITIGANT GUIDE, OFFICE OF THE CLERK OF COURT, SECTION V, APPLICATION TO PROCEED *IN FORMA PAUPERIS*".

    "As is noted earlier in this Guide, filing a case in this court requires the plaintiff to pay a $350 filing fee at the time the new case is filed. If you are unable to pay this fee, you may apply to have payment of the fee waived. Bear in mind that you can apply for waiver of the fee only after your action is filed. The clerk's office will accept your case without payment if, at the time you file it, you also apply for waiver of the fee. If the judge subsequently denies your waiver application, you will be required to pay the $350 fee; if you do not pay it within a specified period of time, your case will be dismissed."

8. Plaintiff understands that in order to be appointed counsel, Plaintiff must first submit an application to proceed *In Forma Pauperis*. Once that is granted, then the court will decide whether to appoint counsel to Plaintiff.

9. Plaintiff's father paid the $350.00 filing fee. Plaintiff's mother paid for postage (roughly $175.00) to send the complaint and summons to each Defendant via Certified Mail Requiring Signature.

10. Hence, Plaintiff's argument is that she cannot afford paying fees, let alone fees for an attorney, and should thus be allowed to proceed *in forma pauperis,* which, in turn, endorses Plaintiff's request to be appointed counsel.

11. Plaintiff agrees with Defendants use of the *Hill v. SmithKline Beecham Corp.* case in that, "when determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present her claims." 393 F.3d 1111, 1115 (10th Cir. 2004).

12. Plaintiff's Memo Supporting her Objection to Defendants Motion to Dismiss will outline at least 10 different causes of action with enough facts to support the elements of each one. However, Plaintiff argues that the Memo will only include enough facts to meet pleading standards and that only through discovery will the complexity of the case, the multitude of facts, and the numerous legal issues be fully presented.

2

14. Thus, if the court were to rely on the *Hill* case, Plaintiff argues that her case meets the *Hill* court standards for appointing Plaintiff counsel. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

15. Plaintiff requests that Defendants correct or retract the portion of their Opposition that states, "because Ms. Majors is sufficiently law trained that she believes she should be awarded her degree without further study or effort on her part *Hill v. SmithKline Beecham Corp.* argues that she should be allowed to use her education and represent herself. She is, after all, the person who has the best access to all relevant facts."

16. Plaintiff requests the correction and/or retraction because Ms. Majors has never stated or implied that she feels she is sufficiently law trained. Ms. Majors argument is that she has met her obligations under the graduation section of the Defendants Student Handbook and should thus, be awarded her degree.

17. Furthermore, since Defendants brought Ms. Majors' academic issues to the court's attention, Plaintiff feels compelled to address it. Defendants state in their Opposition to Appointment of Counsel,
    "In June, 2008 Ms. Majors was placed on academic probation when her GPA dropped below 2.0. Ms. Majors was nearing completion of her law school studies when it was discovered that a paper she had written for a directed study course contained significant plagiarisms. The matter was investigated by The School and then considered by The School's ethics committee and a plan was proposed to rehabilitate Ms. Majors. Part of the plan required Ms. Majors to write another comprehensive research paper which she did. The School examined the second paper and found that it too had significant plagiarisms."

18. This seems to indicate that Plaintiff is not as legally sophisticated or law trained as Defendants have claimed. A law student that "drops below a 2.0 GPA" is obviously not grasping some aspect of the law. Furthermore, if "Ms. Majors' paper contained significant plagiarisms", this also seems to prove that Ms. Majors is not as legally trained or as sophisticated as Defendants contend.

19. Plaintiff also requests a retraction of the statement made by Defendants, "Ms. Majors was dismissed from The School" because that is not a correct statement as Plaintiff will argue at trial.

20. As Defendants noted in their Opposition to Appointment of Counsel, "("The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." Id. (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 839 (10th Cir. 1985))."

3

21. Plaintiff argues that she will convince the court that there is sufficient merit to her claim to warrant the appointment of counsel by adding a modicum of facts to Plaintiff's Memo in Opposition to Defendant's Motion to Dismiss, enumerating her causes of action and drawing parallels between the facts and the necessary elements of the causes of action.

22. Plaintiff argues that her case is one of those extreme cases where the lack of counsel will result in fundamental unfairness to her. Defendants have already expressed their contention that Ms. Majors' has not been academically successful and may even have plagiarism misunderstandings. They have, thus, supported Plaintiff's contention that she needs counsel to prevent fundamental unfairness to her.

23. Finally, Plaintiff fully agrees with Defendants that "it may well be that appointment of counsel would subserve the requirements of Rule 1 Fed. R. Civ. P. and reduce the amount of time both the court and The School's counsel will have to invest in dealing with this case."

Thus, because both Defendants and Plaintiff agree that the appointment of counsel may reduce the amount of time both the court and the Defendants' counsel will have to invest in dealing with this case and because Plaintiff argues and Defendants concur that she is not as legally sophisticated as trained counsel would be, Plaintiff's Motion for Appointment of Counsel should be granted.

DATED this 8th day of July, 2011.

_____
Jesse A. Majors
Pro Se

EXHIBIT: Pro Se Litigants Guide

4

Delivery Certificate

I hereby certify that I caused a true and correct copy of the foregoing Motion to be served by the method(s) indicated below and addressed to the following on this 8th day of July, 2011.

ROBERT H. WILDE #3466
BRUCE M. FRANSON #10792
ROBERT H. WILDE, ATTORNEY AT LAW, P.C.
935 East South Union Avenue Suite D-102
Midvale, Utah 84047
Telephone: (801) 255-4774
Fax: (801) 566-5202
bob@rhwildelaw.com
*Attorneys for Defendant Thomas Jefferson School of Law*

Delivered:
( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
( x ) E-mail
( ) CM/ECF Posting


DATED this 8th day of July, 2011.

_____
Jesse A. Majors
Pro Se

5