ROBERT H. WILDE #3466
BRUCE M. FRANSON #10792
ROBERT H. WILDE, ATTORNEY AT LAW, P.C.
935 East South Union Avenue Suite D-102
Midvale, Utah 84047
Telephone:  (801) 255-4774
Fax: (801) 566-5202

*Attorneys for Defendant Thomas Jefferson School of Law*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESSE ANNE MAJORS,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS JEFFERSON SCHOOL OF LAW, et al,<br><br>    Defendant, | REPLY MEMORANDUM RE: MOTION TO DISMISS<br><br><br>Case No.: 2:11cv00558 CW |

PREFACE

The best argument for Defendant's motion to dismiss is Plaintiff's own opposing memorandum. There she shows that she is capable of presenting her case in a fashion which lists her alleged causes of action serially citing the facts she believes support each cause. Had she done so in her amended complaint it might not have been necessary for the Defendant to file its Rule 60(b) Fed. R. Civ. P., motion though each of these documents contains "facts" omitted from the other.

LEGAL STANDARD

In Plaintiff's opposing memorandum she cites *Glacier Land Co., L.L.C. v.Claudia Klawe & Associates, L.L.C.,* 2006 UT App 516, 154 P.3d 852 for the pleading standard this court should consider in evaluating her amended complaint. Plaintiff fails to consider that *Glacier Land* interprets the Utah Rules of Civil Procedure and this action, having been removed to federal court, will be considered under the Federal Rules of Civil Procedure. *Free Conf. Call Holdings, Inc. v. Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990). The Utah Supreme Court has specifically sanctioned pre *Twombly* law in interpreting pleadings, thereby rejecting *Twombly*. *Brown v. Div. of Water Rights of the Dep't of Natural Res. of Utah*, 228 P.3d 747 (Utah 2010). Because this court is bound by *Twombly* Plaintiff's cite to *Glacier Land* is inapposite.

CLAIMS

Plaintiff discusses her breach of contract claim from page two to page ten of her memorandum. However, this discussion is unrelated to her amended complaint because there is no breach of contract claim alleged in the amended complaint. As previously noted, Plaintiff's style of pleading was to enumerate her multiple claims in the second paragraph of her amended complaint. Breach of contract is not mentioned[1]. The balance of the rhetoric of her amended complaint cannot be suggested to contain a breach of contract claim.

---

[1] 2. "Since the beginning of attendance at TJSL [Thomas Jefferson School of Law], Plaintiff has been the victim of various crimes including, but not limited to, harassment, intimidation, religious, gender and age discrimination, defamation, slander, libel, intentional infliction of mental anguish and emotional distress, creation of hostile educational environment, violation of her due·process and constitutional rights; violations of professional conduct, and unethical behavior."

Plaintiff suggests she has constitutional claims however she has failed to allege facts which would show the Defendant acted under color of law or and deprived her of a federal or constitutional right. *Sigmon v. CommunityCare HMO, Inc*., 234 F.3d 1121, 1125 (10th Cir. 2000). The simple allegation that the Defendant received government funds is inadequate under any of her constitutional theories.

Plaintiff alleges that she was discriminated against. She says she was sexually harassed when an investigator touched her hand in the process of an investigation into an automobile accident. Nothing in her pleading supports any inference that this touching was sexually based or that she took it as such. She further alleges age discrimination though her age is below that required for protection by any statute she cites. Her religious discrimination claims are based on comments which offended her after she published an article in the school paper in the face of a suggestion that it might be better left unpublished. The offensive comments were not made by the defendants or on behalf of the School.

Plaintiff claims a "hostile educational environment" relying on a definition of that hostility from the Oregon Health & Science University. The lack of other citations shows that this claim has not been accepted by any court. It has certainly not been approved in this court or by the Tenth Circuit Court of Appeals.

Plaintiff cites her intentional infliction of emotional distress claim to The Restatement (Second) Torts, §46. Plaintiff is apparently unaware that the Utah Supreme Court has stated this claim somewhat differently. *Samms v. Eccles*, 358 P.2d 344, 347 (Utah 1961).

Again, Plaintiff's defamation claims need the specificity of pleading which the law requires.

*Oman v. Davis Sch. Dist.*, 194 P.3d 956, 972 (Utah 2008). Though the "facts" contained in her memorandum enhance those from her amended complaint she still fails to tell us which of her claimed Defendants did what. In addition to the School Plaintiff has named at least sixteen identified individuals, not to mention whoever else she wishes to include as "all member of the ethics committee of Thomas Jefferson School of Law 2006-2011." The Defendants are all entitled to know which of them she claims defamed her, to whom, when, and in what fashion as well as the other element required for pleading a defamation claim.

Defendant's Rule 12(b)(6) motion is well taken. Plaintiff's opposing memorandum identifies multiple specific areas where her amended complaint in inadequately pled. The motion should be granted.

DATED this 18th day of July, 2011.

*/s/ Robert H Wilde*
ROBERT H. WILDE
Attorney for Defendant Thomas Jefferson School of Law

5

Delivery Certificate

I hereby certify that I caused a true and correct copy of the foregoing Memorandum to be served by the method(s) indicated below and addressed to the following on this 18th day of July, 2011.

Jesse Anne Majors
6649 South 5500 West
West Jordan, Utah 84081
Jessemajors@netscape.com

Delivered:

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
( x) E-mail
( ) CM/ECF Posting


/s/ Robert H Wilde