ROBERT H. WILDE #3466
BRUCE M. FRANSON #10792
ROBERT H. WILDE, ATTORNEY AT LAW, P.C.
935 East South Union Avenue Suite D-102
Midvale, Utah 84047
Telephone: (801) 255-4774
Fax: (801) 566-5202

*Attorneys for Defendant Thomas Jefferson School of Law*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESSE ANNE MAJORS,<br><br>             Plaintiff,<br><br>v.<br><br>THOMAS JEFFERSON SCHOOL OF LAW, et al,<br><br>             Defendants, | MEMORANDUM OPPOSING MOTION FOR ORDER GRANTING IMMEDIATE INUNCTION FOR RELEASE OF EDUCATIONAL TRANSCRIPT [Docket No. 24]<br>Case No.: 2:11cv00558 CW SA |

The prayer for relief in Plaintiff's amended complaint seeks only the following:

A. For judgment against Defendant in the amount of $200,000,000 (two hundred million dollars); $100,000,000 in actual damages and $100,000,000 in punitive damages.
B. Grade of 4.0 for a paper she has written;
C. Grant of, at least, a 2.20 cumulative GPA;
D. Grant of Certificate of Law and Social Justice;
E. Grant of and distribution of honor cords per participation in several student organizations and foundation of Student Chapter of Animal Legal Defense Fund student organization;
F. Grant of graduation and distribution of accompanying graduation

certificate;

    G. Injunction against any negative comments or documents being maintained in her file.

Notably absent from her requested relief is an injunction.

Instead Plaintiff has submitted a motion, not supported by any memorandum as required by DUCivR 7-1(b) and not supported by any affidavit or declaration. Her papers also fail to meet the requirements of Rule 65 Fed. R. Civ. P. on injunctions.

Pragmatically, it is the Defendant's policy to issue transcripts for students and prior students upon the receipt of a completed standard transcript request form which the Defendant does not show the Plaintiff has submitted. Plaintiff should be aware that any transcript from the Defendant will reflect her removal as a student.

In *Chambers v. NASCO, 501 U.S. 32 (1991)*, the court upheld a trial court's award of attorneys' fees against a party who had repeatedly taken actions which were without merit and which delayed the proceedings. These attorneys' fees were awarded against the party individually. The test for awarding attorneys fees is objective. Defendant moves the court for an award of attorneys' fees expended in association with this baseless motion.

DATED this 3rd day of August, 2011.

                                          /s/ Robert H Wilde
                                          ROBERT H. WILDE
                                          Attorney for Defendant Thomas Jefferson School of Law

3

Delivery Certificate

I hereby certify that I caused a true and correct copy of the foregoing Memorandum to be served by the method(s) indicated below and addressed to the following on this 3rd day of August, 2011.

Jesse Anne Majors
6649 South 5500 West
West Jordan, Utah 84081
Jessemajors@netscape.com

Delivered:

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
( x) E-mail
( ) CM/ECF Posting


/s/ Robert H Wilde