FILED
U.S. DISTRICT COURT

2011 AUG 10  P 1: 14

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

| | |
|---|---|
| My Name | Jesse Majors |
| Address | 6649 South 5500 West |
| City, State, Zip | West Jordan, Utah 84081 |
| Phone | 801-360-6880 |
| E-mail | jessemajors@netscape.com |

I am the    X Plaintiff
☐ Attorney for the Plaintiff and my Utah Bar number is _____

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

JESSE ANNE MAJORS

               Plaintiff,

vs.

THOMAS JEFFERSON SCHOOL OF
LAW, et al.,
               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**MOTION FOR IMPOSITION OF
SANCTIONS AGAINST
DEFENSE COUNSEL**

**CERTIFICATE OF GOOD
FAITH**

**AFFIDAVIT OF FACTS IN
SUPPORT OF THIS MOTION**

Case No.   2:11cv00558 CW

Judge Clark Waddoups
Magistrate Judge Samuel Alba

## BACKGROUND

    This matter is before the Court on Defendant's "Memorandum Opposing Motion To Set

Aside Order Restricting E-Filing Access", "Memorandum Opposing Motion For Order Granting

10   Immediate Injunction [sic] For Release of Educational Transcript" and Request for Attorney's

11   Fees.

12                          **MOTION FOR SANCTIONS**

13   1.   Plaintiff moves the Court for sanctions against Defendants' counsel, Robert H. Wilde,

14        Bruce M. Franson, Associates working on this case, and Defendants under

15        Utah R.Civ.P. 11 and Fed.R.Civ.P.11.  Plaintiff argues that Defendants' counsel violated

16        Rule 11(b) by filing motions and other legal documentation which included false,

17        unsubstantiated claims against Plaintiff, filing voluminous motions and responses to

18        Plaintiff's motions that do not directly involve Defendants or their counsel, violating

19        Plaintiff's right to privacy, making implications to the court that certain actions have

20        taken place when they have not, and by filing their most recent memoranda (Dockets 26

21        and 27).

22   2.   Plaintiff further moves the Court for sanctions against Defense Counsel, Robert H.

23        Wilde, Bruce M. Franson, Associates assisting on this case and Defendants under 28

24        U.S.C.A. § 1927, for multiplying pretrial proceedings unreasonably and vexatiously.

25        This statute permits "sanctions against attorney[s] who multiplies proceedings

26        unreasonable and vexatiously" because the "court has inherent power to impose variety

27        of sanctions to regulate its docket, promote judicial efficiency and deter frivolous

28        filings". *Id.*

29   3.   A "Certificate of Good Faith" is attached to this Motion.

30

31    4.      An "Affidavit of Facts" is attached to this Motion

32

33    DATED this 4th day of August, 2011.
34
35                                          _____
36                                          Jesse A. Majors
37                                          Pro Se
38
39

3

1  **CERTIFICATE OF GOOD FAITH**

2        Based on the information received concerning the handling of this case, Plaintiff Mrs.

3  Majors believes that there is a good faith basis to allege such fault against Defense Counsel

4  Robert H.Wilde, Bruce M. Franson, and Associates, Attorneys at Law and Defendants.

5

6  DATED this 4th day of August, 2011.

7

8

9           Jesse A. Majors

10           Pro Se

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

33

34

35

36

37

38

4

| | | |
|---|---|---|
| 1 | | **AFFIDAVIT OF FACTS** |
| 2 | | I, Jesse A. Majors, having been sworn and being under oath, hereby allege as follows: |
| 3 | 1. | I am the Plaintiff in this lawsuit. |
| 4 | 2. | When I refer to Defense Counsel, I mean to include Robert H. Wilde, Bruce M. Franson |
| 5 | | and all associates that have worked on this claim.  I also incorporate Defendants as liable |
| 6 | | for providing false information and/or directing Defense Counsel's misconduct. |
| 7 | 3. | I believe that I have a valid legal claim for this motion.  The elements of this claim |
| 8 | | include: |
| 9 | | a. | I filed an application to proceed *in forma pauperis*.  This involves issues between |
| 10 | | | only the judge and I and does not directly involve the defense in any way. |
| 11 | | | Responding to this application was Defense Counsels' first and unwarranted |
| 12 | | | delay.   It makes it even more egregious because it involves personal information |
| 13 | | | Defense Counsel should not have been allowed access to in order to make a |
| 14 | | | response. I am under the impression, and it has been confirmed by the court that |
| 15 | | | my Motion to Proceed *In Forma Pauperis* and its information are <u>sealed and</u> |
| 16 | | | <u>inaccessible</u> to the Defendants.  Hence, the only conceivable way for defense to |
| 17 | | | gain access to said motion was through <u>illegal means</u>.  For, if defense claims they |
| 18 | | | did not access those documents, what business is it of theirs to oppose |
| 19 | | | proceedings *in forma pauperis?*  It seems their motive is retaliatory in nature and |
| 20 | | | in trying to gain an unfair advantage over me as much as possible. |
| 21 | | b. | *If* Defense Counsel did not access my private information, then they <u>most</u> |
| 22 | | | <u>certainly</u> filed an objection motion arbitrarily and vexatiously.  Without the |

23      pertinent information contained in the *in forma pauperis* application, Defense
24      Counsel would have <u>no basis</u> for filing the motion.  Therefore, they filed the
25      motion objecting to my application in contravention to the very case they referred
26      to in their motion requesting an award for attorney fees (*Chambers v. NASCO,*
27      501 U.S. 32 (1991)).

28   c.   Mr. Wilde recently sent me an email in which he states that he has "some
29      suggestions on places you might get some assistance so that we can focus on the
30      core issues of your claims and spend less time in the procedural periphery." Yet
31      when I motioned the court to provide me the assistance of the kind he is talking
32      about, he motioned the court against me.  <u>These inconsistencies are unfair and</u>
33      <u>should be treated by the court as such.</u>  Defense Counsel should want to handle
34      this lawsuit in the appropriate manner, against a represented litigant in a fair
35      environment, with equally represented parties.  Defense Counsel seems to express
36      an unprofessional and unethical motive against it.

37   d.   Forcing me to respond to false allegations is another valid basis for granting me
38      monetary sanctions against Defense Counsel.  For example, Defense Counsel
39      stated that I was "expelled for not gaining the requisite skills for a legal degree or
40      attain the level of a legal professional." This was a blatant <u>lie</u>.  At the time of that
41      statement, I <u>had not</u> been expelled. It was only in <u>response</u> to *my* motion to the
42      court for an injunction to release my transcripts, (again, <u>proof of Defense</u>
43      <u>Counsel's retaliatory, unethical behavior</u>), that a letter was sent to me from

44          Thomas Jefferson School of Law, dated July 22, 2011, stating my registration as a

45          student was suspended.

46   e.     If Defense Counsel had made a reasonable investigation into the facts surrounding

47          this claim, it would have been revealed that no such documentation existed at that

48          time that showed I had been expelled from the law school.  Because this was a lie

49          and is now in a legal document, Defense Counsel should be discharged from this

50          case and sanctioned appropriately for lying about me.  In addition, because this

51          statement could end up negatively affecting me in the future, if not corrected and

52          retracted, Defense Counsel should be required to retract this statement as well.

53   f.     Defense Counsel has been put on notice that Defendant law school and

54          Defendants Rudy Hasl, Beth Kransberger, Eric Mitnick, Jeff Joseph and Claudia

55          Ferguson have denied my access to my transcripts, which I have a legal right to.  I

56          submitted an injunction and instead of Defense Counsel ensuring that I had copies

57          of my transcripts sent to the appropriate persons as noted in the Injunction so that

58          I could get on with my life and career, they chose to file this baseless response.

59          They chose to file this baseless motion when they should have placed more

60          importance on getting those transcripts sent out before deadlines.  Their

61          purposeful misprioritizing and ignorance of more important matters, key to

62          finding honorable, well-paying, employment in the legal field, is hindering the

63          furtherance of my career, resulting in damages, at least as much as their alleged

64          attorney fees are, but more likely a greater amount, (completely justifiable in

65          awarding to me instead as sanctions for their purposeful ignorant behavior.)

66    g.    In their most recent motion (Docket 27), Defense Counsel lied again.  Defense

67          Counsel stated, in regards to my request for the release of transcripts, "Plaintiff

68          has submitted a motion, not supported by any memorandum… and not supported

69          by any affidavit or declaration… it is the Defendant's policy to issue transcripts

70          for students and prior students upon the receipt of a completed standard transcript

71          request form which the Defendant does not show the Plaintiff has submitted."

72          One of the largest sections in my "Memorandum Supporting Opposition to

73          Defendant's Motion To Dismiss", entitled "Constitutional Violations",

74          "Transcripts", included exact wording from emails from Defendants where I

75          asked for my transcripts and was systematically denied.  I also related an

76          especially discriminatory, harassing incident in which I requested transcripts over

77          the phone, was ignored, transferred to Defendant Eric Mitnick where I left a voice

78          message and still received no response.  I also factually stated I have a letter

79          confirming my request for transcripts be sent to the State Bar of California.  I

80          factually stated I have copies of fax transmittals confirming receipt by Thomas

81          Jefferson School of Law of my transcript request.  These documents are part of

82          the discovery process to be obtained and it is also Defense Counsel's

83          responsibility to make reasonable inquiries into facts before making baseless,

84          false statements.  Again, I direct the court to the same case law Defense Counsel

85          had referred to regarding when awarding attorney fees is appropriate to prove to

86          the court that Defense Counsel is more egregiously guilty of doing exactly what

87        they are accusing me of and <u>I am the appropriate person</u> to be awarded fees

88        (*Chambers v. NASCO*, 501 U.S. 32 (1991)).

89   h.   I would like to bring to the court's attention, that Defense Counsel has just

90        provided **prima facie evidence** <u>that Defendants have violated my Constitutional</u>

91        <u>Rights</u> to have access to my educational records, to be free from a hostile

92        educational environment and to be free from discrimination and harassment.  In

93        Docket 27, Defense Counsel stated, "it is the Defendant's policy to issue

94        transcripts for students and prior students upon the receipt of a completed

95        standard transcript request form which the Defendant does not show the Plaintiff

96        has submitted. Plaintiff should be aware that any transcript from the Defendant

97        will reflect her removal as a student."

98   i.   If Defendants had sent me transcripts as I requested, then I would have been

99        notified of my academic status.  I argued exactly the same.  I was never notified

100        of my academic status!  I was <u>threatened many times with expulsion,</u> but it never

101        happened.  I argue that Defendants used the threat of expulsion to intimidate me

102        and harass me into making bad decisions, hurt my educational experience and

103        inflict emotional distress.  Indeed, not only did I provide facts, documentation,

104        names of persons involved in violating my rights, but I copied and pasted emails

105        into the body of my "Amended Complaint" demonstrating the harassing nature of

106        Defendants, especially Rudy Hasl, when I simply asked why I was denied a

107        transcript request.  Rudy Hasl berated me, called me names and insulted me for an

108    entire paragraph via email, never even responding to the transcript request

109    portion!

110    j.    Because <u>Defense Counsel just admitted</u> that Defendants violated my

111          constitutional rights by not sending me transcripts, this case must go to trial!  I

112          have the right to present evidence to prove my claim and disprove their lies

113          against me.

114    k.    Defense Counsel <u>again</u> lied to the court in their "Memorandum Opposing Motion

115          To Set Aside Order Restricting E-Filing Access".  Defense Counsel falsely stated

116          that I filed a Rule 60(b)(2) motion.  <u>I did no such thing</u>.  Defense Counsel stated,

117          "Plaintiff brings this motion under Rule 60(b)(2) Fed. R. Civ. P., which provides

118          for relief where there is newly discovered evidence... Plaintiff fails to describe

119          that newly discovered evidence and has certainly not listed it in her Affidavit of

120          Facts in Support of Motion." <u>This is a blatant falsehood.</u>  <u>I never suggested that I</u>

121          <u>was submitting new evidence and I never referred to said rule.</u>

122    l.    In this same memorandum, Defense Counsel implied that I had requested the

123          court to reverse the entire order made by Magistrate Judge Samuel Alba in

124          regards to e-filing.  However, if Defense Counsel had taken the time to read my

125          motion properly, they would have understood from its contents that I had agreed

126          to not file documents electronically, but was unwilling to waive my right to

127          receive notices via U.S. Postal Service.  This <u>unjustly implies</u> that I am blatantly

128          disregarding Judge Alba's order.  <u>I did no such thing</u> and have every right to

129          request a re-evaluation of such Order.

130    m.    Defense Counsel exhibited similar unethical behavior when I motioned the court

131          for Appointment of Counsel.  Defense Counsel claimed that I stated I had a

132          "right" to the appointment of counsel and then proceeded to put statute and case

133          law in the Opposing Motion, (which is highly irrelevant), implying to the court

134          that I was claiming I had a "right" to appointment of counsel.  Again, *if* Defense

135          Counsel had met their duty by thoroughly examining my motion, they would have

136          realized that I never said I had a "right" to counsel, but only that *if I was granted*

137          *permission* to proceed *in forma pauperis, then I had the right to appointment of*

138          *counsel*, which is in the rule book.  They obviously had not done so.

139    n.    Secondary to this motion, by unnecessarily involving themselves in my Motion

140          for Appointment of Counsel, Defense Counsel demonstrated their real reason or

141          motive for doing so is to keep me at a disadvantage in this case because I am

142          inexperienced, ungraduated law student attempting a huge civil case on her own.

143          This is so unethically against the model rules of professional conduct that perhaps

144          a complaint against them with the Utah State Bar is appropriate.

145    o.    The most recent (additional) violation of my rights occurred when Defense

146          counsel, Mr. Wilde, began copying my emails to a third party, Kimberly Cole.

147          When I asked him to disclose who this person was and what her relation was to

148          this cause of action, he did not answer me.  When I requested that he no longer

149          copy her on my emails, he said, "She is my adjuster and I am entitled to send her

150          whatever I please."  It is my understanding that when a disclaimer is attached to an

151          email advising someone that said email is to be kept confidential and not be

152     forwarded or carbon copied, that person is not allowed to do so.  Pursuant to the

153     Electronic and Communications Privacy Act of 1986 (18 U.S.C. § 2510 et. seq.),

154     "any communication for which the sender intends only the sender and the

155     intended recipient to read, is protected."

156                                  **CONCLUSION**

157   1.     Defense Counsel relied on *Chambers v. NASCO,* 501 U.S. 32 (1991), in which, the

158     court upheld a trial court's award of attorneys' fees against a party who had

159     repeatedly taken actions which were without merit and which delayed the

160     proceedings.  <u>I am not guilty of any such behavior.</u>  <u>Defense Counsel, however, is.</u>

161     Defense Counsel arbitrarily and vexatiously responds to every document I file, with

162     little regard as to whether the motion is based on unsubstantiated facts, false

163     implications or blatant lies. Defense Counsel has demonstrated a penchant for filing

164     responses and memoranda to motions that do not involve them or their client, are

165     private communication between the Judge and I, and for filing motions with blatant

166     disregard to their incongruities, inconsistencies and misstatements.

167   2.     Furthermore, Rule 11(b) of the Utah Rules of Civil Procedure states that "by filing

168     papers with the court, an attorney or unrepresented party certifies to the best of his or

169     her knowledge that the allegations and other factual contentions have evidentiary

170     support or, if specifically so identified, are likely to have evidentiary support after a

171     reasonable opportunity for further investigation or discovery." (Utah R. Civ. P.

172     11(b)(3)).   Fed. R. Civ. P. 11 also "allows a court to award sanctions where a party or

173     an attorney files pleadings without a legitimate factual or legal basis."  Mr. Robert H.

174    Wilde, Mr. Bruce M. Franson and their assistants had made numerous factual

175    contentions in various papers filed with the court that were false and unsupported by

176    any evidence and filed at least four unnecessary motions: (1) an Opposition to

177    Appointment of Counsel, (2) an Opposition to Application to Proceed In Forma

178    Pauperis, (3) an Opposition to Email Appeal and (4) a Memorandum Opposing

179    Motion for Order Granting Immediate Injunction For Release of Educational

180    Transcript.  They are unnecessarily creating, not only delays for the court, but me as

181    well, using the imbalance of power against me, trying to intimidate me.  Motions and

182    pleadings are part of the litigation process and if defense had not responded

183    nefariously to motions, the docket would not be so full.  If defense had not made so

184    many inaccurate, false, misleading statements compelling me to respond, there would

185    be fewer impediments to getting to trial.

186    3.    It is this irresponsibility that has plagued the court with complexities, confusion,

187    unnecessary filings and delays.  I, Plaintiff Jesse Majors, have never taken this

188    approach.  I do not simply respond arbitrarily to every document Defense Counsel

189    submits.  I choose carefully, taking into consideration whether filing this document

190    will move the case forward, asking myself whether this document will assist the

191    defense into defending themselves, adding facts to sequential motions only when the

192    defense requests it and ensuring that I file only those motions that are necessary.

193  THEREFORE,

194  Plaintiff respectfully requests Defendants' Counsel, Mr. Robert H. Wilde, Mr. Bruce M.

195  Franson, their Associates assisting on this case, and Defendants be sanctioned and/or discharged

196  from this case or, in the alternative, deny Defense Counsel attorney fees and award such fees to

197  Plaintiff for Defense Counsel's misconduct.

198  DATED this 4th day of August, 2011.

199
200
201  Jesse A. Majors
202  Pro Se
203

204  SUBSCRIBED AND SWORN to before me this 4th day of August, 2011.

205
206
207  Hazel A. Chorniak
208  My commission expires: 11-5-2013

209  State of _____Utah_____

210  County of _____Salt Lake_____

211

212

213

214

215

216

217

218

219

220

221

222

Delivery Certificate

I hereby certify that I caused a true and correct copy of the foregoing Motion to be

served by the method(s) indicated below and addressed to the following on this

4th day of August, 2011.


ROBERT H. WILDE #3466
BRUCE M. FRANSON #10792
ROBERT H. WILDE, ATTORNEY AT LAW, P.C.
935 East South Union Avenue Suite D-102
Midvale, Utah 84047
Telephone: (801) 255-4774
Fax: (801) 566-5202
bob@rhwildelaw.com
*Attorneys for Defendant Thomas Jefferson School of Law*

Delivered:
( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
( x ) E-mail
( ) CM/ECF Posting


DATED this 4th day of August, 2011.

Jesse A. Majors
Pro Se



$ 000.78⁰
PITNEY BOWES
02 1P
0004169996
MAILED FROM ZIP CODE 84042

U.S. POSTAGE PAID
PLEASANT GROVE, UT
84062
AUG 09 '11
AMOUNT
$0.50
0004120409

UNITED STATES
POSTAL SERVICE
1000          84101


SUPPORT
OUR
WOUNDED

Jesse Majors
6649 S. 5500 W.
West Jordan, UT 84081-4365

UNITED STATES DISTRICT COURT
350 S. MAIN ST. ROOM 150
SALT LAKE CITY, UT 84101