ROBERT H. WILDE #3466
BRUCE M. FRANSON #10792
ROBERT H. WILDE, ATTORNEY AT LAW, P.C.
935 East South Union Avenue Suite D-102
Midvale, Utah 84047
Telephone:  (801) 255-4774
Fax: (801) 566-5202

*Attorneys for Defendant Thomas Jefferson School of Law*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESSE ANNE MAJORS,<br><br>            Plaintiff,<br><br>v.<br><br>THOMAS JEFFERSON SCHOOL OF LAW, et al,<br><br>            Defendants, | OPPOSITION TO MOTION FOR IMPOSITION OF SANCTIONS AGAINST DEFENSE COUNSEL [Docket No.: 32]<br><br><br>Case No.: 2:11cv00558 CW |

Plaintiff's submissions to the court in this matter to date include the following;

- Docket No. 6 - motion for leave to appeal in forma pauperis despite the fact that the Defendant paid for the filing fee in this matter when the case was removed from state court and no aspect of this case is under appeal;

- Docket No. 9 - objection to Defendant's motion to dismiss amended complaint in

which Plaintiff merely objected and did not cite or argue any legal basis for the objection,

- Docket No. 15 - motion to request e-file access despite the fact that Plaintiff is not an attorney authorized to e-file by the court's rules,

- Docket No. 19 - improperly issued summons which were lodged rather than filed by the clerk,

- Docket No. 24 - motion for immediate mandatory injunction for release of educational transcript record despite the fact that the Defendant typically provides transcripts upon the submission by current and former students to the standard transcript request form upon payment of the set fee,

- Docket No. 25 - motion to set aside order denying motion to request e-file access submitted without justification under Rule 60 Fed. R. Civ. P. or compliance with the law allowing the district court to review rulings by a magistrate judge.

Plaintiff's most recent filing is a sanctions motion against counsel for perceived misstatements and misapplications of the Rules of Civil Procedure and other law. In considering these motions it must be remembered that plaintiff is law trained and sufficiently comfortable with her training and abilities that in her complaint she has asked that she be awarded her law degree.

## THE MOTION IS PROCEDURALLY DEFICIENT

## THERE WAS NO COMPLIANCE WITH RULE 11

Plaintiff has included with her motion a certificate of good faith. This is unavailing. Plaintiff's subjective view that her actions are in good faith is irrelevant. The issue is are her actions

in objective good faith? Would reasonable lawyer and competent attorney believe there is merit to the argument? *Medical Supply Chain, Inc. v. GE*, 144 Fed. Appx. 708, 715 (10th Cir. 2005).

More importantly had Rule 11 applied Plaintiff would have been required to comply with the "safe harbor" provisions of the Rule 11(c)(2).

> (2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Plaintiff has not alleged, nor has Defendant received, any documents which would comply with Rule 11(c)(2). Ironically, Plaintiff's Rule 11 motion is in violation of Rule 11.

## THE MOTION OVER REACHES

In her motion Plaintiff asks for sanctions against Bruce M. Franson. Mr. Franson is an associate of the firm who has had literally no contact with Plaintiff of any variety at any time. Accordingly, Mr. Franson does not meet the basic requirement of a person to be sanctioned by Rule 11, one who has signed a document associated with the case, Rule 11(a) Fed. R. Civ. P.

By paragraph one of her conclusion Plaintiff appears to seek an award of attorneys' fees as sanctions for the violations alleged in her motion. Attorneys' fees are not available to litigants for the time spent representing themselves. *Jones, Waldo, Holbrook & McDonough v. Dawson*, 923 P.2d 1366 (Utah 1996).

## THE MOTION IS SUBSTANTIVELY ILL TAKEN

Defendant responds to the substantive allegations of Plaintiff's motion as follows.

¶1(a), (b) - Plaintiff provides no legal authority for her allegation that her in forma pauperis petition does not involve the Defendant. This motion is merely a stepping stone for the Plaintiff to abuse the Defendant at no cost to her. Plaintiff's allegations are all completely speculative, "I am under the impression . . .," ". . . what business is it of theirs . . .," "[i]t seems their motive . . ." and so on. This was a motion filed with the court to which Defendant was entitled to respond by the provisions of Rule 7 Fed. R. Civ. P. and DUCivR 7-1.

¶1(c), (m), (n) - Defendant's counsel, as a matter of professional courtesy to the Plaintiff suggested the Plaintiff attend the Tuesday Night Bar in order to find someone to mentor her or at least consult with. Counsel believed that having a licensed attorney discuss Plaintiff's plan of action and proposed filings might avoid the problems with Plaintiff's filings described in the preface to this memorandum. That act of professional courtesy in no fashion suggested that Defendant had changed is position on whether the Plaintiff was entitled to appointed counsel.

¶1(d), (e), (i) - the reason Plaintiff's relationship with the Defendant ended, call it expelled, disenrolled, or whatever, is the basic factual inquiry upon which this case turns. Plaintiff's documents acknowledge that it is the Defendant's position that she plagiarized others' work on at least two occasions. The fact that Plaintiff take exception with counsel's characterization of her departure is in no fashion the basis for sanctions.

¶1(f), (g), (i) - Defendant remains of the position that if Plaintiff wishes transcripts of her efforts in law school she may obtain them through normal channels upon payment of the standard fee. Typically students seeking transcripts do not demand them of the Dean. Whether Plaintiff's training and skills would lead her to an honorable, well paying position in the legal field is another

central factual issue in this case.

¶1(h), (j) - as briefed in Defendant's memorandum supporting its motion to dismiss, neither Plaintiff nor any other student of a private educational institution has a constitutional claim. Plaintiff has provided nothing to indicate she is an exception to that clearly established rule.

¶1(k), (l) - Defendant will leave it to the court to determine whether Defendant's argument in response to the documents mentioned by the Plaintiff are in fact "lies" rather than argument. Plaintiff needed the support of some rule to ask the court to reverse its ruling on her request to receive filings by e-mail. The only logical choice was Rule 60(b) Fed. R. Civ. P.  If she was relying on some other rule that will certainly appear on the record.

¶1(o) - Defendant knows of no rule allowing the Plaintiff to dictate whether Defendant's counsel is entitled to share pleadings and other filings in this matter with his client and/or his adjuster. Each of Plaintiff's communications is by its very nature an admission against interest under Rule 801(d)(2) Fed. Rul. Evd. As Defendant looks forward to introducing Plaintiff's numerous communications as exhibits to the jury it remains unaware of any rule holding that communications between parties in litigation are privileged, confidential, or otherwise restricted.

## CONCLUSION

The Plaintiff's motion is ill taken and is, itself, a violation of Rule 11. The motion should be over ruled and the Defendant awarded its attorneys' fees for the time spent by its counsel in responding to Plaintiff's motion.

The 28 USC § 1927 argument is likewise ill taken. Defendant's responses, of which the Plaintiff complains, are merely factual and legal responses to the Plaintiff's papers to which the

Defendant is entitled and obligated to respond.

DATED this 23rd day of August, 2011.

/s/ Robert H Wilde
ROBERT H. WILDE
Attorney for Defendant Thomas Jefferson School of Law

Delivery Certificate

I hereby certify that I caused a true and correct copy of the foregoing Memorandum to be served by the method(s) indicated below and addressed to the following on this this 23rd day of August, 2011.

Jesse Anne Majors
6649 South 5500 West
West Jordan, Utah 84081
Jessemajors@netscape.com

Delivered:

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
( x) E-mail
( ) CM/ECF Posting

/s/ Robert H Wilde