ROBERT H. WILDE #3466
BRUCE M. FRANSON #10792
ROBERT H. WILDE, ATTORNEY AT LAW, P.C.
935 East South Union Avenue Suite D-102
Midvale, Utah 84047
Telephone:  (801) 255-4774
Fax: (801) 566-5202

*Attorneys for Defendant Thomas Jefferson School of Law*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESSE ANNE MAJORS,<br><br>          Plaintiff,<br><br>v.<br><br>THOMAS JEFFERSON SCHOOL OF LAW, et al,<br><br>          Defendants, | OBJECTION TO MOTION TO WITHDRAW AS COUNSEL.<br><br><br><br>Case No.: 2:11cv00558 CW |

"A lawyer may be required to represent a client when appointed by a court or other tribunal with power to do so." Restatement, Third, Law Governing Lawyers §14 comment g. ". . . [B]efore counsel may withdraw from a litigated matter "both reasonable notice to the client and **permission of the court are essential**." *Myers v. Mississippi State Bar*, 480 So. 2d 1080, 1092 (Miss. 1985) [emphasis added].

Rule 6.2 of the Utah Rules of Professional Conduct provides;

> A lawyer shall not seek to avoid appointment by a tribunal to represent a person except for good cause, such as:
> (a) Representing the client is likely to result in violation of the Rules of Professional Conduct or other law;
> (b) Representing the client is likely to result in an unreasonable financial burden on the lawyer; or
> (c) The client or the cause is so repugnant to the lawyer as to be likely to impair the client-lawyer relationship or the lawyer's ability to represent the client.

Plaintiff's counsel voluntarily listed his name with the clerk as one willing to accept appointment for cases like this one, accepted the appointment by the court and entered his appearance. It goes without saying that the reason the Plaintiff needs appointed counsel is because she cannot afford to pay counsel and because her case is one no attorney is willing to take on any other terms. Counsel are not appointed because it is anticipated that they will achieve any great monetary or jurisprudential victory but because the Ms. Majors of the world are entitled to have their cases presented to the court and that cannot effectively be done without assistance. It is the client who is entitled to determine the objections of representation. Rule 1.2(a) Utah Rules of Professional Conduct. Mr. Shumway does not need to agree with her economic or other views in order to represent her. *Id.*

Counsel are appointed as a service to the public and the court. Here counsel is not required to believe in Plaintiff's cause, only to assist her in making a presentation to the court which comes within the parameters of the Rules of Civil Procedure and the Rules of Evidence. The court has ordered that counsel be appointed. There is no reason to believe that the next person on the pro bono appointment list will find any more merit in the Plaintiff's allegations than Mr. Shumway does.

Plaintiff's pro se filings in this matter to date are sufficient indication in themselves that the

motion to withdraw should be denied.

The court should deny the motion for counsel to withdraw and direct him to proceed with the representation of his client. The Defendant does not believe that she will prevail even with his help but that does not mean that she is not entitled to his assistance or that judicial economy will not have been subserved in the process.

DATED this 27th day of September, 2011.

/s/ Robert H Wilde
ROBERT H. WILDE
Attorney for Defendant Thomas Jefferson School of Law

4

Delivery Certificate

I hereby certify that I caused a true and correct copy of the foregoing Objection to be served by the method(s) indicated below and addressed to the following on this 27th day of September, 2011.

Shane J. Shumway, Esq
JONES, WALDO, HOLBROOK & MCDONOUGH
170 South Main Street, Suite 1500
Salt Lake City, Ut 84101
Via Telefax 801-328-0537
sshumway@joneswaldo.com

Delivered:
( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
( ) E-mail
( x) CM/ECF Posting

/s/ Robert H Wilde