ROBERT H. WILDE #3466
BRUCE M. FRANSON #10792
ROBERT H. WILDE, ATTORNEY AT LAW, P.C.
935 East South Union Avenue Suite D-102
Midvale, Utah 84047
Telephone:  (801) 255-4774
Fax: (801) 566-5202

*Attorneys for Defendant Thomas Jefferson School of Law*

---

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESSE ANNE MAJORS,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS JEFFERSON SCHOOL OF LAW, et al,<br><br>    Defendants. | OPPOSITION TO MOTION REQUESTING SERVICE OF PROCESS [DKT # 54]<br><br><br><br>Case No.: 2:11cv00558 CW |

DEFENDANT HAS NOT FOLLOWED THE RULE

Rule 4(b) Fed. R. Civ. P. is straight forward and requires that a party seeking to serve a summons and complaint on another party prepare a summons in the proper form and have the summons issued by the clerk.  Notwithstanding Plaintiff's multiple applications to the court to ignore the provisions of Rule 4 Defendant's counsel does not recall seeing a single proper form federal summons prepared by the Plaintiff and submitted for service under Rule 4. (The summons

served on Defendant Thomas Jefferson School of Law was a state court summons which Plaintiff could sign herself under Rule 4 Utah R. Civ. P.) The clerk's notice of lodging strongly suggests that the summons Plaintiff has submitted are not in proper form and were not properly issued. If the Plaintiff had spent as much time and money actually following Rule 4 as she has spent trying to circumvent it it is likely that she would have been able to serve the individuals.

## THE INDIVIDUALS ARE NOT HIDING

The individuals Plaintiff has listed as Defendants are all either administrators, faculty, or otherwise affiliated with the Defendant Thomas Jefferson School of Law, a California corporation. Though they may not be clamoring to receive Plaintiff's summons and complaint neither are they hiding from her, or her process server, nor otherwise attempting to avoid service. If Plaintiff's process server appeared at the Law School on virtually any day school is in session the odds are good that most or all of the listed individuals would be there.  Certainly if Plaintiff had some factual basis for claiming these individuals are avoiding service the court could consider a proper motion for substituted service. However, such a motion would require that Plaintiff provide something other than speculation to show that one, or some, or all of them are properly subject to substituted service.

## THE INDIVIDUALS ARE NOT LIABLE

Typically Defendant's counsel would accept service for proper individual Defendants in a case with colorable claims. However, at this juncture there is nothing to suggest there are any colorable claims against any individual Plaintiff has included in the body of her complaint or in the caption of the case. As noted, Defendant Thomas Jefferson School of Law is a California corporation in good standing and there is no reason to believe that the corporate veil does not protect

the individuals in that they were all acting within the scope of their employment in their dealings with Plaintiff.

## THE CLASS IS FUZZY

Plaintiff's motion is further problematic in that it is difficult to know who she believes it is that ought to be deemed served. She has included a matrix with her various filings showing to whom it is she has sent documents which she believes should substitute for actual service. However, she has also listed in her caption "all members of the ethics committee of the Thomas Jefferson School of Law." Presumably she believes that this description, in conjunction with her motion to ignore service under Rule 4, is sufficient to allow the unnamed members of this group to become Defendants and to be required to file an answer.

## THE BEST SOLUTION IS TO WAIT

Defendant Thomas Jefferson School of Law believes that the proper approach for the court to take in response to this motion is to defer a ruling until issues associated with the pending motion to dismiss have been resolved. If Plaintiff is able to draft a complaint which actually states a cause of action under the *Twombly/Iqbal* standards then we can look at who it is that ought to be listed as a proper individual Defendant. At that time Plaintiff will very likely not be looking at trying to serve all 16 individuals listed in her caption, in addition to the members of the ethics committee. If any individuals remain as Defendants Plaintiff's difficulty in getting actual personal service will likely be significantly reduced.

## CONCLUSION

The Defendant has not attempted to comply with Rule 4 and is not in a position to seek

alternative service. The fact that she is apparently incapable of following the rule does not mean the court must relieve her of that burden. This motion should be tabled until, or if, a proper group of individual Defendants is identified.

DATED this 7th day of October, 2011.

/s/ Robert H Wilde
ROBERT H. WILDE
Attorney for Defendant Thomas Jefferson School of Law

Delivery Certificate

I hereby certify that I caused a true and correct copy of the foregoing Memorandum to be served by the method(s) indicated below and addressed to the following on this 7th day of October, 2011.

Shane J. Shumway, Esq
JONES, WALDO, HOLBROOK & MCDONOUGH
170 South Main Street, Suite 1500
Salt Lake City, Ut 84101
Via Telefax 801-328-0537
sshumway@joneswaldo.com

Delivered:
( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
( ) E-mail
(x) CM/ECF Posting


/s/ Robert H Wilde