ROBERT H. WILDE #3466
BRUCE M. FRANSON #10792
ROBERT H. WILDE, ATTORNEY AT LAW, P.C.
935 East South Union Avenue Suite D-102
Midvale, Utah 84047
Telephone: (801) 255-4774
Fax: (801) 566-5202

*Attorneys for Defendant Thomas Jefferson School of Law*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESSE ANNE MAJORS,<br><br>　　　Plaintiff,<br><br>v.<br><br>THOMAS JEFFERSON SCHOOL OF LAW, et al,<br><br>　　　Defendants. | OPPOSITION TO MOTION REQUESTING STAY [DKT # 55]<br><br><br><br>Case No.: 2:11cv00558 CW |

　　　The Plaintiff's motion requesting a stay which would preclude Defendant from making further motions is without grounds and should be rejected out of hand.

　　　This case has been in this court for less than four months during which Plaintiff has filed 10 motions, not including the motion of her appointed counsel to withdraw. These motions include a motion for an injunction requiring the Defendant Thomas Jefferson School of Law to provide her a transcript which was available to her merely by submitting a written request and paying the standard

fee, and two motions to circumvent Rule 4 Fed. R. Civ. P. Virtually all of Plaintiff's motions are "non-standard" and seek unique relief. Few cite any rule in their support. Given this history it is no surprise that the court directed Plaintiff to stop filing motions until counsel was appointed for her and she had someone who could assist her in knowing where to focus her efforts and how to do that. Notwithstanding the appointment of counsel for her Plaintiff has apparently decided that she knows better how to litigate a case than appointed counsel who graduated from a highly respected law school and is associated with one of Utah's best law firms. Despite the fact that she has counsel Plaintiff has resumed her practice of filing unsupported motions pro se.

At the time the court directed Plaintiff to stop filing motions it could have easily directed the Defendant to do the same. It didn't. Presumably that was because during the same time the Plaintiff had filed 10 motions the Defendant filed only two, a motion to dismiss and a Rule 11 motion. (Technically the Defendant filed three motions but it withdrew its motion to require that all motions be vetted by the court before being actually filed once Plaintiff had counsel.)

The court could have directed the Defendant not to file motions but did not. Nothing has changed in Defendant's approach to this case since that time. There was and is no reason to preclude the Defendant from filing justified motions. Defendant's counsel is aware of and adheres to Rule 11 Fed. R. Civ. P. If any of Defendant's motions are improper the court is more than capable of dealing with them.

The fact that Plaintiff is apparently incapable of focusing on the core issues of this case does not mean that Defendant should also be penalized. There is no basis for the Plaintiff's motion. It should be rejected.

DATED this 7th day of October, 2011.

/s/ Robert H Wilde
ROBERT H. WILDE
Attorney for Defendant Thomas Jefferson School of Law

Delivery Certificate

I hereby certify that I caused a true and correct copy of the foregoing Memorandum to be served by the method(s) indicated below and addressed to the following on this 7th day of October, 2011.

Shane J. Shumway, Esq
JONES, WALDO, HOLBROOK & MCDONOUGH
170 South Main Street, Suite 1500
Salt Lake City, Ut 84101
Via Telefax 801-328-0537
sshumway@joneswaldo.com

Delivered:
( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
( ) E-mail
(x) CM/ECF Posting


/s/ Robert H Wilde