ROBERT H. WILDE #3466
BRUCE M. FRANSON #10792
ROBERT H. WILDE, ATTORNEY AT LAW, P.C.
935 East South Union Avenue Suite D-102
Midvale, Utah 84047
Telephone: (801) 255-4774
Fax: (801) 566-5202

*Attorneys for Defendant Thomas Jefferson School of Law*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESSE ANNE MAJORS,<br><br>        Plaintiff,<br><br>v.<br><br>THOMAS JEFFERSON SCHOOL OF LAW,<br>et al,<br><br>        Defendants, | MEMORANDUM SUPPORTING MOTION<br>FOR PRE-MOTION CONFERENCE ORDER<br><br><br><br>Case No.: 2:11cv00558 CW |

Plaintiff's submissions to the court in this matter to date include the following;

- Docket No. 6 - motion for leave to proceed in forma pauperis despite the fact that the

    Defendant paid for the filing fee in this matter when the case was removed from state

    court.

- Docket No. 8 - motion to appoint counsel, despite the fact that none of Plaintiff's

    claims which could arguably be called facially valid support such an appointment and

1

after having had counsel appointed Plaintiff apparently opted to completely ignore his counsel to the point that he felt compelled to withdraw, presumably because he believed he would be unable to sign pleadings in good faith as required by Rule 11 Fed. R. Civ. P.

- Docket No. 9 - objection to Defendant's motion to dismiss amended complaint in which Plaintiff merely objected and did not cite or argue any legal basis for the objection.

- Docket No. 15 - motion to request e-file access despite the fact that Plaintiff is not an attorney authorized to e-file by the court's rules.

- Docket No. 19 - improperly issued summons which were lodged rather than filed by the clerk.

- Docket No. 24 - motion for immediate mandatory injunction for release of educational transcript record despite the fact that the Defendant typically provides transcripts upon the submission by current and former students of the standard transcript request form and upon payment of the set fee.

- Docket No. 25 - motion to set aside order denying motion to request e-file access submitted without justification under Rule 60 Fed. R. Civ. P. or compliance with the law allowing the district court to review rulings by a magistrate judge.

- Docket No. 35 - a Rule 11 Fed. R. Civ. P., motion which does not allege nor in fact have compliance with the safe harbor provisions of Rule 11(c)(2).

- Docket No. 54 - motion for service of process supported by improperly issued

summons, see docket no. 19, above.

- Docket No. 55 - motion for stay attempting to apply to Defendant the court's order restricting Plaintiff's filing of motions.

- Docket No. 60 - motion for order declaring all Defendants properly served which is merely the recycling of the Plaintiff's position in docket numbers 19 and 54.

- Docket No. 62 - request to submit clarification in which Plaintiff acknowledges that this filing is not supported by any of the rules of civil procedure.

While Defendant acknowledges the Plaintiff's right to pursue valid claims in this court the law is clear that there is no constitutional right to pursue baseless claims or make unfounded accusations in court. *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981). Plaintiff is apparently unaware that each time she files a paper which lacks legal substance or fails to meet the standards set by the Federal Rules of Civil Procedure or this court's local rules it costs the Defendant money to respond and will ultimately require the court's time to separate the wheat from the chaff. The Plaintiff is before the court in forma pauperis and apparently lacks the ability to pay any monetary sanction the court may impose for improper filings with the court.

At least one other court has established a procedure which would hopefully resolve the misfilings which have plagued this case. In *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 39 (2d Cir. 1995) the Second Circuit sanctioned the local policy of numerous judges in the Southern District of New York which requires that parties wishing to file a motion must first submit if for consideration at a prefiling conference. "We take judicial notice that at least nine judges in the Southern District of New York require pre-motion conferences." *Id* at note 9.

This procedure would enable the court to vet proposed motions with a "once over" and comment briefly on whether the proposed motion was within the broad scope of colorable motions as opposed to something completely beyond the pale. This would not be a detailed examination of the motion or a ruling on the merits but an opportunity for the court to comment on a proposed motion in order to give a party a pointer or two so that when the court is later called upon to rule on a motion it would not be spending judicial resources on something completely out of compliance with procedural rules or accepted substantive norms. A related procedure is regularly invoked in habeas corpus proceedings with the requirement that proposed appellant obtain a certificate of appealability. *Reber v. Steele*, 570 F.3d 1206, 1207 (10th Cir. 2009). Defendant submits that the proposed procedure would conserve judicial resources and enhance the quality of the proceedings in this matter.

CONCLUSION

Requiring all proposed motions in this matter to be vetted by a pre-motion conference would eliminate or at least reduce the number of questionable motions opposing counsel and the court would be required to address in detail. Such a requirement would ultimately save both the court and both parties time and money. It would also improve the litigation in this case and should be adopted by the court.

DATED this 24th day of October, 2011.

/s/ Robert H Wilde
ROBERT H. WILDE
Attorney for Defendant Thomas Jefferson School of Law

5

Delivery Certificate

I hereby certify that I caused a true and correct copy of the foregoing Memorandum to be

served by the method(s) indicated below and addressed to the following on this 24th day of October,

2011.

Jesse Anne Majors
6649 South 5500 West
West Jordan, Utah 84081
Jessemajors@netscape.com

Delivered:

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
( x) E-mail
( ) CM/ECF Posting


/s/ Robert H Wilde