ROBERT H. WILDE #3466
BRUCE M. FRANSON #10792
ROBERT H. WILDE, ATTORNEY AT LAW, P.C.
935 East South Union Avenue Suite D-102
Midvale, Utah 84047
Telephone: (801) 255-4774
Fax: (801) 566-5202

*Attorneys for Defendant Thomas Jefferson School of Law*

---

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESSE ANNE MAJORS,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS JEFFERSON SCHOOL OF LAW, et al,<br><br>    Defendants. | OPPOSITION TO MOTION FOR MANDATORY INJUNCTION RE: DIPLOMA<br>[DKT # 72]<br><br><br>Case No.: 2:11cv00558 CW |

BACKGROUND

Plaintiff, Jesse Anne Majors, has moved the court pursuant to Rule 65 Fed. R. Civ. P. for an injunction requiring the Defendant Thomas Jefferson School of Law (The School) to issue a diploma to her showing she satisfactorily completed the Juris Doctor curriculum from The School. It bears mentioning that Plaintiff previously moved the court for a similar injunction requiring The School to issue her a transcript. The School's response to that motion was that The School has not withheld a

transcript from Plaintiff and that she may obtain a transcript the same way any other student or former student of The School does, by filling out the proper request form and paying the prescribed fee.

After a semester at the University of Utah College of Law Ms. Majors matriculated at The School in the Spring of 2005. Despite the fact that The School is located in San Diego, California it allowed Ms. Majors to fill some of her requirements by attending classes at the University of Utah College of Law during the Summer of 2007 because of health and personal issues. Other than the credits from the "U" Ms. Majors had no law school credits during 2007. Thereafter she also had difficulty completing classes timely in anticipation of graduation. In June, 2008 Ms. Majors was placed on academic probation when her GPA dropped below 2.0.

Ms. Majors was nearing completion of her law school studies when it was discovered that a paper she had written for a directed study course contained significant plagiarisms. The matter was investigated by The School and then considered by The School's ethics committee and a plan was proposed to rehabilitate Ms. Majors. Part of the plan required that Ms. Majors write another comprehensive research paper which she did. The School examined the second paper and found that it too had significant plagiarisms. The Dean of The School informed Ms. Majors that he was going to proceed to dismiss her from The School based on her failure to complete the corrective action plan to which she had agreed. She brought this action in Utah state court which was removed to this court.

The prayer for relief in Plaintiff's amended complaint seeks only the following:

    A. For judgment against Defendant in the amount of $200,000,000 (two

hundred million dollars); $100,000,000 in actual damages and $100,000,000 in punitive damages.
      B. Grade of 4.0 for a paper she has written;
      C. Grant of, at least, a 2.20 cumulative GPA;
      D. Grant of Certificate of Law and Social Justice;
      E. Grant of and distribution of honor cords per participation in several student organizations and foundation of Student Chapter of Animal Legal Defense Fund student organization;
      F. Grant of graduation and distribution of accompanying graduation certificate;
      G. Injunction against any negative comments or documents being maintained in her file.

Notably absent from her requested relief is an injunction directing the issuance of a diploma. Instead Plaintiff has submitted a motion which she has consolidated with a memorandum. Her motion and memorandum are not supported by any affidavit or declaration. Her papers also fail to meet the requirements of Rule 65 Fed. R. Civ. P. on injunctions.

ARGUMENT

Plaintiff asserts that The School has set the standard upon which she may be awarded a diploma in the e-mail between The School's counsel and Plaintiff's former counsel in which her counsel was told "We will not be issuing Jesse Majors a diploma unless and until she satisfactorily responds to the Dean's request for an explanation of her second plagiarism and the school is satisfied she has sufficient credits to graduate." The School believes that this statement is governed by Rule 408 Utah Rul. Evd., and should, accordingly, be stricken. In the event the court believes the statement and the motion are properly before the court Plaintiff's evidence is, nonetheless, insufficient to support her request.

THE DOCUMENTS DO NOT SUPPORT AN INJUNCTION

Plaintiff submitted 13 pages of documents addressing those portions of her dispute with The School which she believes favorably describe her situation. To the contrary Exhibit C to Plaintiff's motion acknowledges that rather than having met The School's requirements for graduation, or even for retention in the law school program, she was facing suspension, page 4 of 13 of Plaintiff's supporting documents [Docket # 72-1]. At page 5 Plaintiff has included a copy of the e-mail from Dean Rudy Hasl wherein the Plaintiff's relationship with The School was addressed.

> Ms. Majors, I am sending this memo as an email because I wanted to get it to you as soon as possible so that you could consider your response.
> I have reviewed the paper that you submitted to satisfy the requirements of the agreement that you signed with Professor Claire Wright. In her email of July 15, 2010, there were conditions imposed on you as a part of the settlement of the Ethics Committee action regarding the paper you submitted to Jane Larrington. I know that Dean Joseph has received some information about the CLE courses that you took and that he is reviewing the material to determine that it complies with the requirements. However, with regard to the paper that you submitted on March 16, 2011, entitled "Copyright Infringement, ISP liability and How Regulating The Internet Can Help Reconcile Both," there appears to be further evidence of plagiarism. Although there are instances of verbatim quoting without citation throughout the paper, I have focused particularly on the language taken from an article in Volume 85 of the Minnesota Law Review, which is not referenced in your paper. These excerpts appear on pages 21 and 22 of your paper, I am attaching an annotated copy of the paper, showing the quotes from other sources, without attribution.
> In light of the apparent plagiarism in the article that you submitted to satisfy the resolution of your earlier plagiarism violation, I am planning to take administrative action to suspend you as a student at the Thomas Jefferson School of Law. You will not be allowed to continue as a student, take final examinations, and graduate in May. If you have any information that you would like to present to me before I take final action, please provided it to me by April 15, 2011,

Rather than suggesting that the Plaintiff has adequately explained her actions in plagiarizing the Minnesota Law Review, the documents the Plaintiff has submitted clearly show that the Plaintiff lacks the credits to graduate and, more importantly, lacks the ethical standards The School and the

bar expect of licensed attorneys. Notably, Plaintiff failed to include with her documents anything showing that she had adequately explained the second plagiarism.

## THE SCHOOL HAS GREAT DISCRETION IN DEALING WITH STUDENTS

"University faculties must have the widest range of discretion in making judgments as to the academic performance of students and their entitlement to promotion or graduation." *Regents of University of Michigan v. Ewing*, 474 U.S. 214, 225 n.11 (U.S. 1985) (quoting *Bd. Of Curators of Univ. of Mo. V. Horowitz*, 435 U.S. 78 n.6 (1978) (Powell, J., concurring)).  Courts should show great respect for genuine academic decisions, and may not override those decisions unless there is "such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Ewing*, Supra.

"**As a general rule, judicial review of grading disputes would inappropriately involve the courts in the very core of academic and educational decision making**." [emphasis added] *Keefe v New York Law School*, 906 N.Y.S.2d 773 (N.Y. Sup. Ct. 2009).   "The decision of whether a student is qualified for a professional degree is an academic judgment that 'requires an expert evaluation of cumulative information and is not readily adapted to the procedural tools of judicial or administrative decision making.' *Jallali v. Nova Southeastern Univ., Inc*., 992 So. 2d 338, 342 (Fla. Dist. Ct. App. 4th Dist. 2008) (quoting *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 90 (1978)).

When an educational institution issues a diploma to one of its students, it is certifying that the student possesses all of the knowledge, skills and mores required by her chosen discipline. It is essential that the decisions surrounding the issuance of these credentials be left to the sound

judgment of the professional educators. Indeed, the value of these credentials would be seriously eroded if the courts were to abandon their long-standing practice of restraint in this area and instead began to utilize traditional equitable estoppel principles as a basis for requiring institutions to confer diplomas upon those who have been deemed to be unqualified. *Olsson v. Board of Higher Education*, 49 N.Y.2d 408, 413 (N.Y. 1980).

> "… [H]ornbook rules cannot be applied mechanically where the 'principal' is an educational institution and the result would be to override a determination concerning a student's academic qualifications. Because such determinations rest in most cases upon the subjective professional judgment of trained educators, the courts have quite properly exercised the utmost restraint in applying traditional legal rules to disputes within the academic community."

*Olsson* at 413.

Where courts involve themselves in the educational process they give great deference to the decisions made by the institution. *Nuttelman v. Case Western Reserve University,* 560 F. Supp. 1, 2-3 (N.D. Ohio 1981) (The decision whether to dismiss a student for academic reasons requires expert evaluation of cumulative information with which courts are not equipped to deal; judicial intervention is not appropriate unless there is a challenge that the action on the part of the educational institution was arbitrary and capricious.). *Bruner v. Petersen*, 944 P.2d 43, 48 (Alaska 1997) (judges should show great respect for the faculty's professional judgment and may not override it unless it is such a substantial departure from accepted academic norms showing they did not exercise professional judgment.)  See also " *Doherty v. Southern College of Optometry*, 862 F.2d 570, 577 (6th Cir. 1988). Plaintiff has offered no evidence indicating that The School's actions were anything but the exercise professional judgment. The School's evidence, on the other hand, shows

the Plaintiff to be ethically challenged, the sort of student any law school would be loath to recommend to the bar or to the public.

## THE REQUEST DOES NOT COMPLY WITH RULE 65

Injunctive relief under Rule 65 Fed. R. Civ. P. is extraordinary relief. *Gunn v. University Comm. to End the War in Vietnam*, 399 U.S. 383, 389, 90 S. Ct. 2013, 26 L. Ed. 2d 684 (1970). The party requesting injunctive relief bears the burden of establishing such a right. *American Dairy Queen Corp. v. Brown-Port Co.*, 621 F.2d 255, 257 (7th Cir. 1980) Plaintiff's motion requesting "an immediate Order" during the interlocutory phase of this litigation is a request for a preliminary injunction. The term "the hearing" in Rule 65(a)(2) Fed. R. Civ. P. presupposes that there will be a hearing on an application for a preliminary injunction. The Plaintiff apparently contemplates receiving her requested relief solely on the basis of her motion and its attachments.

The purpose of a preliminary injunction is to preserve the status quo pending a hearing on the merits. *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983). Here, Plaintiff has not previously had a diploma and requiring one to be issued to her would not preserve the status quo.

An applicant for a preliminary injunction must meet a four part test showing; 1. substantial likelihood that the movant will eventually prevail on the merits; 2. that the movant will suffer irreparable injury unless the injunction issues; 3. That the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4. That the injunction, if issued, would not be adverse to the public interest. *Walmer v. United States Dep't of Defense*, 52 F.3d 851, 854 (10th Cir. 1995).

Given the fact that the Plaintiff finds herself in her current predicament as a result of having

wilfully plagiarized at least a second law school paper there is no substantial likelihood she will succeed on the merits of her claim. The substantial likelihood is quite the opposite. Given the discretion granted professional schools, described above, there is every reason to believe the Plaintiff's claims will fail.

In the unlikely event the Plaintiff prevails she will arguably be entitled to a diploma. In that event any damage she has sustained will be able to be compensated with a money judgment. The result is that any damage she may have suffered will not be irreparable.

The Plaintiff's questionable ethics clearly show that awarding her a diploma would be adverse to the public interest. The School is a guardian at the gate to the legal profession. The public expects that it will effectively screen those who seek admission to the bar. The public interest is not in awarding the Plaintiff an undeserved diploma but in keeping it from her.

The Plaintiff's request for a preliminary injunction fails to consider the long established rules for preliminary injunctive relief. It must be denied for its procedural defects in addition to its substantive failures.

## CONCLUSION

The Plaintiff is not entitled to a diploma. She is unable to distinguish between checking the boxes and adsorbing the substantive and ethical curriculum which the Defendant offered. Her motion must be denied.

In *Chambers v. NASCO, 501 U.S. 32 (1991)*, the court upheld a trial court's award of attorneys' fees against a party who had repeatedly taken actions which were without merit and which delayed the proceedings. These attorneys' fees were awarded against the party individually.

The test for awarding attorneys fees is objective. Defendant moves the court for an award of attorneys' fees expended in association with this baseless motion.

DATED this 1st day of November, 2011.

/s/ Robert H Wilde
ROBERT H. WILDE
Attorney for Defendant Thomas Jefferson School of Law

10

Delivery Certificate

I hereby certify that I caused a true and correct copy of the foregoing Memorandum to be served by the method(s) indicated below and addressed to the following on this this 1st day of November, 2011.

Jesse Anne Majors
6649 S 5500 W
West Jordan, UT 84081
jessemajors@netscape.com

Delivered:
( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
( x) E-mail
( ) CM/ECF Posting

/s/ Robert H Wilde