FILED
U.S. DISTRICT COURT
2011 NOV -1 P 1:58
DISTRICT OF UTAH
BY: ________
DEPUTY CLERK

My Name Jesse Majors
Address 6649 South 5500 West
City, State, Zip West Jordan, Utah 84081
Phone 801-360-6880
E-mail ________

I am the X Plaintiff
☐ Attorney for the Plaintiff and my Utah Bar number is ________

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESSE ANNE MAJORS,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS JEFFERSON SCHOOL OF LAW, et al.,<br><br>Defendants. | **MOTION FOR COURT TO DISREGARD DEFENDANT'S RULE 7.1 DISCLOSURE**<br><br>Case No. 2:11cv00558 CW<br><br>Judge Clark Waddoups<br>Magistrate Judge Samuel Alba |

**BACKGROUND**

This matter is before the Court in regards to Defendants' submission of a Rule 7.1 Disclosure. Pursuant to Fed. R. Civ. P. Rule 7.1, Defendant Thomas Jefferson School of Law disclosed the following:

"Parent corporation: None

Publicly held corporations owning ten percent (10%) or more of Defendant's stock: None".

**ARGUMENT**

Plaintiff recognizes that the main purpose of a Rule 7.1 disclosure is to "provide judges with information to determine if any financial interests require the judge to disqualify him or herself from the case," for, "recusal may be appropriate where a judge has a financial interest in the corporate party, its parent company, or in a publicly held corporation that holds a particular stock percentage in the party." *Fed. R. Civ. P. Rule 7.1.*

Plaintiff is also aware that another purpose of such a disclosure is to "gives notice and assurance to all parties that the companies listed on the Disclosure Statement are the only ones most likely to have some direst financial stake in the commenced litigation." *Fed. R. Civ. P. Rule 7.1.*

Hence, the basis for Plaintiff's argument that Defendants' Rule 7.1 Disclosure be dismissed is that Plaintiff Jesse Majors believes Defendant Law School is attempting to classify themselves as a non-governmental party to limit the amount of damages Plaintiff could potentially be awarded by screening other potential Defendants from liability. Plaintiff Jesse Majors avers that trustees of Defendant Law School, the Defendants listed in the initial complaint and other parties may have some direct financial stake in the litigation and hence, some direct financial liability.

**DISCLOSURE SHOULD BE DISMISSED AS UNTIMELY**

However, Defendant, Thomas Jefferson School of Law, did not accord with Fed. R. Civ. P. Rule 7.1(a)(1). According to said Rule, Thomas Jefferson School of Law, did not file this

disclosure with its "first appearance, pleading, petition, motion, response, or other request addressed to the court." Their first motion was on June 16, 2011. Because Defendants Rule 7.1 Disclosure was made September 9, 2011, over two months after Defendants first motion.

THEREFORE,

Plaintiff requests that the Rule 7.1 Disclosure be dismissed.

**DEFENDANT DOES NOT OPERATE INDEPENDENTLY FROM ANY GOVERNMENT, IS A FOR-PROFIT ORGANIZATION, THUS FAILING TO SATISFY THE "NON-GOVERNMENTAL PARTY" TEST**

According to 12 C.F.R. §346.11(j), a non-governmental entity or person is defined as "any partnership, association, trust, joint venture, joint stock company, corporation, limited liability corporation, company, firm, society, other organization, or individual." Additionally, according to 12 C.F.R. §346.11(j), "A nongovernmental entity or person does not include, however, "the United States government, a state government, a unit of local government (including a county, city, town, township, parish, village, or other general-purpose subdivision of a state)... or a department, agency, or instrumentality of any such entity or a federally-chartered public corporation that receives Federal funds appropriated specifically for that corporation".

According to the United Nations, "only those organizations *completely independent* from governmental control can be considered a non-governmental entity."[1] Thomas Jefferson School of Law received funds from the government, is overseen by several governmental agencies such as the American Bar Association and the State Bar of California, and is held to the laws of the federal and state governments. It receives its accreditation from the American Bar Association.

[1] *Introduction to ECOSOC Consultative Status*, United Nations – Department of Economic and Social Affairs – NGO Branch, http://esango.un.org/paperless/Web?page=static&content=intro (last accessed October 25, 2011).

The United Nations further states that "non-governmental parties also need to be non-profit."[2] Defendant Thomas Jefferson School of Law is definitely a for-profit institution.

Furthermore, Defendants have not provided any information, other than the Disclosure, that they should be categorized as a non-governmental party and simply providing a disclosure does not suffice. Because courts have been inconsistent in defining the term and there is no agreed legal definition, without more facts regarding the organizational structure of Defendant Law School, its activities, a copy of their Constitution and other relevant facts, Defendants do not satisfy the definition of a non-governmental party at this time.

**CONCLUSION**

Defendants are overseen by and interact with and operate in accordance with both city, state and federal governments, receive funding from local, state and federal governments[3], received monies from stockholders and trustees and make profits in the millions just from their students and tuition,[4]

---

[2] *Id.*

[3] In fact, in January 2011, TJSL opened its new campus, located in Downtown San Diego. TJSL advertises its 305,000 square foot campus as including an eight story state-of-the-art building, 12 classrooms, two recording studios, a student lounge and a "sophisticatedly designed" moot court room. TJSL broke ground on its multi-million dollar new campus at a time when experts were cautioning students to think twice about attending law school. *Alaburda v. Thomas Jefferson School of Law, et al.*, Case # 37-2011-00091898-CU-FR-CTL. (Filed May 26, 2011).

[4] TJSL enrolls more than 680 full-time students and approximately 270 part-time students annually. Tuition at TJSL for the 2010-2011 academic year is $38,700, and room and board is $27,740, bringing the total cost for the academic year to $66,440(just shy of $200,000 for three years). The total amount of money TJSL receives in tuition each year and/or provides in scholarships is not known at this time. However, if all students enrolled at TJSL paid full tuition in 2011, TJSL would receive more than $34 million for the 2010-2011 academic year. *Alaburda v. Thomas Jefferson School of Law, et al.*, Case #37-2011-00091898-CU-FR-CTL, (Filed May 26, 2011).

THEREFORE,

Plaintiff requests that the Rule 7.1 Disclosure be dismissed.

DATED this 29th day of October, 2011.

Jesse A. Majors

Pro Se

Delivery Certificate

I hereby certify that I caused a true and correct copy of the foregoing Motion to be served by the method(s) indicated below and addressed to the following on this 29th day of October, 2011.

ROBERT H. WILDE #3466
BRUCE M. FRANSON #10792
ROBERT H. WILDE, ATTORNEY AT LAW, P.C.
925 Executive Park Drive, Suite B
Salt Lake City, UT 84117,
Telephone: (801) 255-4774
Fax: (801) 566-5202
bob@rhwildelaw.com
*Attorneys for Defendant Thomas Jefferson School of Law*

Delivered:
( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
( x) E-mail
( ) CM/ECF Posting

DATED this 29th day of October, 2011.

Jesse A. Majors
Pro Se