IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESSE ANNE MAJORS,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS JEFFERSON SCHOOL OF LAW, a California nonprofit public benefit corporation, RUDY HASL, JEFFREY JOSEPH, BETH KRANSBERGER, ERIC MITNICK, JULIE GARRETT, CLAIRE WRIGHT, JOY DELMAN, JULIE CROMER-YOUNG, ARNOLD ROSENBERG, JANE LARRINGTON, PATRICK MEYER, LISA FERREIRA, ANGELA BAYNE, JAN DAUSS, LISA CHIGOS, CATHERINE DEAN, and ALL MEMBERS OF THE ETHICS COMMITTEE OF THOMAS JEFFERSON SCHOOL OF LAW 2006-2011,<br><br>    Defendants. | Case No. 2:11-cv-558-CW-SA<br><br>**REPORT AND RECOMMENDATION**<br><br><br><br>Magistrate Judge Samuel Alba |

    Before the court is a motion to dismiss filed by Defendant Thomas Jefferson School of Law ("TJSL"). (Doc. 3.) Due to the complaint's failure to state a claim on which relief may be granted, the court recommends that TJSL's motion to dismiss be granted and that any remaining claims against the other defendants be dismissed pursuant to the *in forma pauperis* ("IFP") statute, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

**BACKGROUND**

Pro se Plaintiff Jesse Anne Majors' amended complaint explains that "[t]his matter involves [her] law school career at [TJSL] during 2006 through 2011." (Doc. 1-1, at 3.) Thus, the complaint indicates that Plaintiff attended law school at TJSL from 2006 until 2011, a five-year period.

On May 12, 2011, Plaintiff filed a complaint in Utah state court. (Doc. 1-2.) On June 2, 2011, Plaintiff filed an amended complaint in the same court. (Doc. 1-1.) Two weeks later, on June 16, 2011, TJSL removed the case to this court and filed its motion to dismiss. (Docs. 1, 3.) That same day, United States District Judge Clark Waddoups, to whom the case was assigned, referred the case to United States Magistrate Judge Samuel Alba. (Doc. 5.)

On June 24, 2011, Plaintiff filed an application to proceed IFP. (Doc. 6.) On June 29, 2011, Plaintiff filed a motion to appoint counsel and responded to TJSL's motion to dismiss ("First Response"). (Docs. 8, 9.) On July 5, 2011, TJSL filed its reply regarding its motion to dismiss ("First Reply"). (Doc. 12.) On July 14, 2011, Plaintiff filed another pleading entitled "Memorandum Supporting Denial of Defendants' Motion to Dismiss" ("Second Response"), which also responded to TJSL's motion to dismiss. (Doc. 22.) TJSL filed a reply to that pleading ("Second Reply") on July 18, 2011. (Doc. 24.) On August 12, 2011, the court granted Plaintiff's motion to proceed IFP. (Doc. 33.) Three days later, the court granted Plaintiff's motion for appointment of counsel. (Doc. 36.)

On September 8, 2011, attorney Shane J. Shumway, from the law firm of Jones, Waldo, Holbrook and McDonough, who had been appointed by the court to represent Plaintiff pro bono, filed a notice of appearance on Plaintiff's behalf. (Doc. 43.) Nineteen days later, after meeting

with Plaintiff, Mr. Shumway filed a motion to withdraw as Plaintiff's attorney. (Doc. 47.) Mr. Shumway's motion explained that "[f]undamental, profound, and irresolvable differences between Counsel and Client have arisen regarding the proper means of pursuing her interests and the role of counsel in that effort." (*Id.*, at 1.) Attached to Mr. Shumway's motion was a copy of an email from Plaintiff indicating that she did not object to Mr. Shumway's withdrawal as her counsel. (Doc. 47-1, at 1.) Over TJSL's objection (Doc. 48), the court granted the motion to withdraw on October 17, 2011 (Doc. 63).

On November 14, 2011, the court held a status conference in this case. (Doc. 76.) The court explained to Plaintiff and TJSL's attorney that before it would consider the many other motions before the court, it would first consider TJSL's motion to dismiss on the basis of the pleadings and it would screen the case under the IFP statute. The court asked the parties to refrain from filing any other motions until it determined whether the case should be dismissed at this stage. (*Id.*) The court now has considered TJSL's motion to dismiss and screened the case, and recommends that the case be dismissed.

## **ANALYSIS**

As explained above, Plaintiff, who is acting *pro se*, attended TJSL from 2006 through 2011 (Doc. 1-1, at 3), and, among other things, Plaintiff is seeking to obtain her law degree through this lawsuit (*Id.* at 10). Because she has attended law school for several years and is seeking to obtain her law degree through this action, the court finds it reasonable to assume that Plaintiff is familiar with the law and the federal rules of civil procedure. The court also finds it reasonable to assume that if Plaintiff does not know what the law is, she is familiar with how to research it. As noted, Plaintiff has attended law school for several years, so she is not new to the

law or the rules of civil procedure. Nevertheless, although TJSL argues that Plaintiff should be held to the same standard as any attorney practicing before this court, the court has opted to construe Plaintiff's pleadings liberally and to hold her pleadings to a less stringent standard than formal pleadings drafted by lawyers, *see Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Of course, a broad reading of Plaintiff's complaint does not relieve her of the burden of alleging sufficient facts on which a recognized legal claim can be based. *See id.* "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court notes that it is not its proper function to assume the role of advocate for Plaintiff or any other pro se litigant. *See id.* For example, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The court will first address TJSL's motion to dismiss. The court then will screen the case pursuant to the IFP statute as to the remaining defendants.

### 1. TJSL's Motion to Dismiss

TJSL's motion seeks dismissal of Plaintiff's complaint for failure to state a claim under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the court "accept[s] all well-pleaded facts as true and view[s] them in the light most favorable to the plaintiff." *Jordan-Arapahoe, LLP v. Board of County Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

> reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although courts accept the truth of all alleged facts in the complaint, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (citation omitted); *see also Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006); *Coburn v. Nordeen*, 72 Fed. App'x 744, 746 (10th Cir. 2003).

### a. Plaintiff's First Response

In her First Response to TJSL's motion to dismiss, Plaintiff argues that her amended complaint should survive TJSL's motion because "Plaintiff's pleading gives Defendants sufficient notice and adequate information to allow it to formulate an answer, meeting the standard set by *Bell Atlantic Corp. v. Twombly*, 660 U.S. 544, 570 (2007)." (Doc. 9-1, at 1.) Plaintiff argues that "[w]hile *Twombly* is the current standard, aspects of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), have not been ignored, thus Plaintiff also argues that her complaint should not be dismissed and her cause should move to the discovery and trial phases of litigation as *Conley v. Gibson* states that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (Doc. 9-1, at 1-2.) In that response, Plaintiff "requests that discovery and trial proceed to permit Plaintiff the 'opportunity to be heard' . . . and prove through the discovery and trial process that her allegations are more than merely 'plausible.'" (*Id.* at 2.)

Plaintiff appears to misunderstand *Twombly*'s standard. The standard is not that of *Conley v. Gibson*; the standard requires more than surviving a review examining whether any set of facts in support of her claim would entitle her to relief. Further, the standard requires Plaintiff to show

5

*in her complaint* that her allegations are more than merely plausible, and Plaintiff is not entitled to proceed to the discovery phase without meeting that burden. Thus, under *Twombly* and *Iqbal*, rather than adjuding whether a claim is "improbable," "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949. Thus, "naked assertions devoid of further factual enhancement" do not sufficiently state a claim; Plaintiff must set forth "more than a sheer possibility that a Defendant has acted unlawfully" to survive a motion to dismiss. *Id.* at 1949-51 (internal quotation omitted). In addition, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In this case, as TJSL argues, Plaintiff's amended complaint fails to meet the pleading standard set forth in *Twombly* and *Iqbal*. First, Plaintiff fails to specify or itemize any causes of action and instead simply provides an introduction, "nature of action and factual background," an explanation of jurisdiction and venue, and a prayer for relief. (Doc. 1-1.) Thus, Plaintiff has not even "offer[ed] 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" by identifying for Defendants and the court which causes of action she seeks to bring in her amended complaint.

In construing Plaintiff's amended complaint very liberally, the court, with TJSL's help, is able to glean certain causes of action. It appears, from paragraph two (contained in the amended complaint's "Introduction"), that Plaintiff is alleging certain crimes. Paragraph two provides:

> Since the beginning of attendance at TJSL, Plaintiff has been the
> victim of various crimes including, but not limited to, harassment,

6

> intimidation, religious, gender and age discrimination, defamation, slander, libel, intentional infliction of mental anguish and emotional distress, creation of [a] hostile educational environment, [a] violation of her due process and constitutional rights, violations of professional conduct, and unethical behavior.

(Doc. 1-1, at 3, ¶ 2.) Plaintiff's allegation that "crimes" were committed against her is insufficient to bring any civil causes of action; a crime does not necessarily provide a victim with an actionable civil lawsuit. *See Trustees of Boston Univ. v. ASM Communs., Inc.*, 33 F. Supp. 2d 66, 75 (D. Mass. 1998) (explaining that penal statutes may be construed as creating a civil cause of action only if the criminal statute expressly, or by clear implication, shows a legislative intent to do so.) Plaintiff is obligated, in bringing a civil lawsuit, to identify the civil claims she is alleging. *See* Fed. R. Civ. P. 8(a)(2). Nevertheless, because Plaintiff is proceeding pro se, the court has examined the alleged "crimes" committed against Plaintiff in light of the facts alleged in Plaintiff's amended complaint.

First, Plaintiff alleges that she was the victim of "harassment, intimidation, religious, gender and age discrimination." As with every apparent claim in Plaintiff's complaint, Plaintiff fails to allege which claim is brought against which defendants. Plaintiff also has failed to identify the statute under which she asserts her harassment and discrimination claims. Further, in her amended complaint, Plaintiff has failed to set forth facts supporting other necessary elements of her claim, including allegations that she has exhausted her administrative remedies (although Plaintiff's Second Response provides the court and defendants with new information indicating that she may have exhausted some administrative remedies). In other words, Plaintiff's amended complaint does not set forth facts in such a way as to construct a valid claim for "harassment, intimidation, religious, gender and age discrimination" to survive TJSL's motion to dismiss. As

7

the court explained above, applying a broad reading to Plaintiff's amended complaint does not mean the court will construct a legal theory on Plaintiff's behalf or supply additional factual allegations to round out her complaint. *See Whitney*, 113 F.3d at 1173-74.

Next, Plaintiff alleges that she was the victim of "defamation, slander, [and] libel." (Doc. 1-1, at 3.) "Defamation is the act of harming the reputation of another by making a false statement to a third person." *Jensen v. Sawyers*, 130 P.3d 325, 333 (Utah 2005). To state a claim for defamation under Utah law, a plaintiff must establish that the defendant "published the statements concerning him[;] that the statements were false, defamatory, and not subject to any privilege[;] that the statements were published with the requisite degree of fault[;] and that their publication resulted in damage." *West v. Thomson Newspapers*, 872 P.2d 999, 1007-08 (Utah 1994) (footnotes omitted). "Under Utah law, a statement is defamatory if it impeaches an individual's honesty, integrity, virtue, or reputation and thereby exposes the individual to public hatred, contempt, or ridicule." *Id.* at 1008. "A publication is not defamatory simply because it is nettlesome or embarrassing to a plaintiff, or even because it makes a false statement about the plaintiff." *Cox v. Hatch*, 761 P.2d 556, 561 (Utah 1988). Pleading defamation requires specificity including what was said, to whom it was said, and when and where it was said. *See Dennett v. Smith*, 445 P.2d 983, 984 (Utah 1968). In her amended complaint, Plaintiff has not set forth with specificity the required elements of this claim; thus, any claim for defamation Plaintiff intended to bring fails to state a claim on which relief may be granted. Likewise, Plaintiff has not set forth with any specificity any intended separate claims for slander or libel, so they also fail.

Plaintiff also alleges that she was the victim of "intentional infliction of mental anguish and emotional distress." As with every other apparent claim contained in paragraph two of

Plaintiff's amended complaint, Plaintiff has failed to identify facts supporting the elements of an emotional distress claim or to match any of her factual assertions with those elements, as required. Further, Plaintiff has not explained whether the emotional distress was inflicted negligently or intentionally. As explained above, "naked assertions devoid of further factual enhancement" do not sufficiently state a claim. *See Iqbal*, 129 S. Ct. at 1949. Plaintiff's intentional infliction of emotional distress claim fails to state a claim on which relief can be granted.

Another allegation Plaintiff makes in her amended complaint is that she was the victim of a "violation of her due process and constitutional rights." The court has construed this allegation as a claim brought pursuant to 42 U.S.C. § 1983, the means by which a plaintiff may bring a civil action alleging a violation of her constitutional rights. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution' by any person acting under color of state law." (quoting 42 U.S.C. § 1983)). Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Thus, Plaintiff must assert that at least one defendant was acting under color of state law. *See McCarty*, 646 F.3d at 1285. Plaintiff has not alleged any facts in her amended complaint supporting that any defendant to this action took any of the alleged actions while acting under color of state law. As a result, any Section 1983 claim Plaintiff intended to bring fails.

Plaintiff also alleges other "crimes" committed against her,[1] but as with every other claim Plaintiff appears to bring in this lawsuit, Plaintiff fails to meet basic pleading requirements. For example, Plaintiff does not state with any specificity the cause of action, the elements of that cause of action, the facts that support each element of the cause of action, and so forth. Plaintiff has described circumstances that allegedly harmed her, but, as TJSL has pointed out, a cause of action does not exist for every grievance or harm. *See, e.g.*, *Davencourt at Pilgrims Landing Homeowners Ass'n v. Davencourt at Pilgrims Landing, LLC*, 221 P.3d 234, 248-49 (Utah 2009) (holding Utah does not recognize a cause of action for failing to follow the building code). As already explained, although Plaintiff is proceeding pro se, the court will not act as Plaintiff's advocate by piecing together potentially successful causes of action to create a claim that withstands TJSL's motion to dismiss.

### b. Plaintiff's Second Response

Under the court's rules, Plaintiff's Second Response cannot be considered without special leave of the court. *See* DUCivR 7-1(b)(3)(A). Thus, pursuant to its rules, the court recommends that Plaintiff's Second Response (Doc. 22), along with TJSL's Second Reply (Doc. 23), be stricken because they were inappropriately filed. If it opts to so do, the court recommends that

---

[1] Paragraph two also asserts that Plaintiff was the victim of "violations of professional conduct, and unethical behavior." (Doc. 1-1, at 3.) TJSL adequately argues in its memorandum supporting its motion to dismiss that violations of professional rules of conduct do not necessarily comprise a civil action. (Doc. 4, at 5.) In her Second Response, Plaintiff explains that she "did not mean to imply that professional and ethical violations were separate causes of action" (Doc. 22, at 26); therefore, the court does not examine them as such.

TJSL's motion to dismiss be granted for the reasons set forth above. If the court opts not to strike those pleadings, the court still recommends that TJSL's motion to dismiss be granted.[2]

In her Second Response, Plaintiff argues that her amended complaint contains in its "Nature of Action/Factual background" section the "who, what, where and what happened" sufficiently to allow the court to draw reasonable inferences of Defendants' liability, thus meeting the "plausibility" standard set forth in *Iqbal*. (Doc. 22, at 2.) Plaintiff argues that public policy dictates that, to achieve fairness and justice in this case, the court should allow this case to proceed to the discovery stage. (*Id.* at 3.)

Also in her Second Response, "in response to Defendant's criticism in its Motion to Dismiss" (*id.* at 3), Plaintiff enumerates her causes of action and sets forth facts in support of them. The four causes of action Plaintiff enumerates are: (1) breach of contract, (2) violation of constitutional rights, (3) intentional infliction of mental anguish and emotional distress, and (4) defamation.[3]

First, Plaintiff alleges breach of contract as a cause of action; however, her amended complaint contains no mention of a breach of contract claim, and, in reading the amended complaint, the court cannot even make a broad inference that such a claim was intended. In her

---

[2]As TJSL argues in its initial reply memorandum, in the Tenth Circuit, a party's failure to respond specifically to allegations of a dispositive motion is fatal to the non-moving party's case, *see Hinsdale v. City of Liberal*, Kan., 19 Fed. Appx. 749, 769 (10th Cir. 1991), and Plaintiff's bald assertions in her First Response that she is correct are not enough to allow Plaintiff to prevail. Nevertheless, rather than moving to have Plaintiff's Second Response stricken from the record, TJSL opted to file its Second Reply.

[3]Plaintiff sets forth "Breach of Contract" as her first cause of action (Doc. 22, at 3), "Violation of Constitutional Rights" as her second cause of action (*Id.* at 11), "Intentional Infliction of Mental Anguish and Emotional Distress" as her fourth cause of action (*Id.* at 21), and "Defamation" as her fifth cause of action (*Id.* at 23). Plaintiff does not set forth a third cause of action.

Second Response, Plaintiff sets forth many factual allegations to try to support this new claim, such as that Plaintiff accepted TJSL's scholarship to attend law school at TJSL (Doc. 22, at 4); however, because these arguments and facts are not contained in the amended complaint, they do not address the sufficiency of that document, as is required in responding to a motion to dismiss, and the court does not examine them further.

Second, Plaintiff alleges a "violation of constitutional rights" as her second cause of action. Because, under this cause of action, Plaintiff initially attempts to show TJSL acted under color of law, she apparently intends this cause of action to be a 42 U.S.C. § 1983 claim; however, Plaintiff still fails to demonstrate that TJSL - or any one of the named defendants - engaged in the alleged actions under color of state law, as required. Plaintiff attempts to meet this required Section 1983 element by arguing that because TJSL receives government funds, it was acting under color of state law when it engaged in the alleged behavior. Plaintiff provides no legal support for this argument, and the court concludes it is insufficient to meet this required element. *Cf. Thomas v. Dona Ana County District Attorney*, 361 Fed. Appx. 965, 967, 2010 WL 227570, at **2 (10th Cir. Jan. 22, 2010) (unpublished) (holding that public defenders do not act under color of state law in representing defendants); *Weinrauch v. Park City*, 751 F.2d 357, (10th Cir. 1984) (holding that owner of towing service was not acting under color of state law in pursuing owner of impounded vehicle after owner of towing service heard stolen car report); *Watkins v. Oaklawn Jockey Club*, 183 F.2d 440, 443 (8th Cir. 1950) (holding that an off-duty sheriff and his deputy did not act under color of state law for purposes of maintaining an action of false arrest and imprisonment under Section 1983 when the deputy, upon orders of the president of the race track

and the sheriff, ejected the plaintiff from the track) (cited and discussed in *D.T. by M.T. v. Independent Sch. Dist. No. 16 of Pawnee County*, 894 F.2d 1176, 1191 (10th Cir. 1990)).[4]

Next, Plaintiff alleges intentional infliction of mental anguish and emotional distress.[5] To state a claim for intentional infliction of emotional distress, a plaintiff must establish that: (1) "the defendant intentionally engaged in some conduct toward the plaintiff considered outrageous and intolerable in that it offends the generally accepted standards of decency and morality"; (2) the defendant engaged in such conduct "with the purpose of inflicting emotional distress or where any reasonable person would have known that such would result"; and (3) "severe emotional distress resulted as a direct result of the defendant's conduct." *Russell v. Thomson Newspapers*, 842 P.2d 896, 905 (Utah 1992).

> A court is to determine whether a defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit

---

[4] Within her "Violation of Constitutional Rights" section of her Second Response, Plaintiff also alleges that she was discriminated against. (Doc. 22, at 8, 16-21.) For example, Plaintiff alleges that she was sexually harassed when an investigator "fondled" her hand during an investigation into an automobile accident (doc. 22, at 8); that she suffered from gender and age discrimination when she was questioned about her "mothering skills," how she handled stress "at her age," and her age during an ethics investigation; and that she suffered from religious discrimination because rude and disparaging comments were made by an unnamed person in response to an article in the school paper, and Dean Kransberger announced she was a gay and lesbian activist and a lesbian, which made Plaintiff "feel very uncomfortable about her religion." Plaintiff sets forth these assertions under her second cause of action, so it appears they are brought pursuant to Section 1983; thus, they also fail because Plaintiff has not shown the complained of actions were made under color of state law. In addition, Plaintiff claims she suffered from a "hostile educational environment" by relying on a definition of that hostility from the Oregon Health & Science University; however, Plaintiff does not provide the court with any legal citations in support of this definition and the court has not discovered any law approving such a claim in the Tenth Circuit.

[5] Plaintiff relies on The Restatement (Second) Torts, § 46, in setting forth her claim; however, the elements of this cause of action in Utah, as set forth above, somewhat differ from the elements under the Restatement.

13

> recovery. Outrageous conduct, for purposes of the tort of
> intentional infliction of emotional distress, is conduct that evokes
> outrage or revulsion; it must be more than unreasonable, unkind, or
> unfair. Additionally, conduct is not outrageous simply because it is
> tortious, injurious, or malicious, or because it would give rise to
> punitive damages, or because it is illegal.

*Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 536 (Utah 2002) (internal quotations and citations omitted).

Plaintiff has failed to allege facts supporting that TJSL - or any other defendant - engaged in conduct toward her that is "considered outrageous and intolerable in that it offends the generally accepted standards of decency and morality." *Russell*, 842 P.2d at 905. In addition, Plaintiff has failed to assert that the alleged statements were made by TJSL - or any other defendant - with the purpose of inflicting emotional distress on Plaintiff. *See id.* General, conclusory allegations do not suffice. *See Witt v. Roadway Express*, 136 F.3d 1424, 1431 (10th Cir. 1998) (providing that when addressing a motion to dismiss for failure to state a claim, the court must "accept as true all well-pleaded facts, as distinguished from conclusory allegations"). Thus, Plaintiff fails to state a claim of intentional infliction of emotional anguish and mental distress on which relief may be granted.

Finally, the defamation claim Plaintiff sets forth in her Second Response, like that in her amended complaint, lacks the requisite specificity a successful defamation claim requires. *See Oman v. Davis Sch. Dist.*, 194 P.3d 956, 972 (Utah 2008). Although in her Second Response Plaintiff has added additional alleged facts to those set forth in her amended complaint, Plaintiff still fails to specify which defendant did what, when, in what fashion, and so forth, as is required in pleading a defamation claim.

In summary, Plaintiff's Second Response fails to successfully show that her amended complaint states a claim on which relief may be based.

### c. Possible Second Amended Complaint

The Tenth Circuit has, on occasion, faulted district courts for dismissing cases brought by pro se plaintiffs without first allowing them to amend their complaint. The Tenth Circuit has explained that it is only appropriate to dismiss a pro se plaintiff's complaint with prejudice "where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend." *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (quotation omitted). A pro se plaintiff "whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to [her], should be allowed to amend [her] complaint." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In this case, it is possible to construe Plaintiff's Second Response as a proposed amended complaint due to its enumerating for the first time four specific causes of action as well as setting forth new factual allegations. After careful deliberation, and after considering all the circumstances of this case, the court concludes that Plaintiff should not be given another opportunity to amend her complaint before it is dismissed; instead, the court should dismiss this case in response to TJSL's motion to dismiss and pursuant to the IFP statute. There are four main reasons for the court's conclusion.

First, the court concludes that this is not a case where Plaintiff's "factual allegations are close to stating a claim but are simply missing some important element that may not have occurred to [her]." *Id.* Instead, as discussed above, the court concludes that Plaintiff's proposed amended complaint is deficient in many respects. Further, Plaintiff filed her Second Response

after TJSL filed its motion to dismiss and its First Reply, two documents that discuss specific deficiencies in Plaintiff's amended complaint. Although in her Second Response Plaintiff tried to address some of the amended complaint's fatal deficiencies, she did not attempt to fix several others.

Second, the court concludes that Plaintiff should not be afforded as much leeway as is given to a pro se plaintiff who is untrained in the law. The court has construed Plaintiff's pleadings very liberally because she is proceeding pro se. The court has carefully examined Plaintiff's pleadings in an effort to determine whether they contain any merit. Also, the court has waded through Plaintiff's amended complaint to determine whether it contains a cause of action that meets the requirements of *Twombly* and *Iqbal*.[6] Furthermore, and very notably, the court appointed Plaintiff counsel - something the court is not obligated to do and which it rarely does in civil cases - to help Plaintiff successfully construct her case.

The court's liberal construction of Plaintiff's pleadings and appointment of counsel in this case is especially remarkable because Plaintiff attended law school for several years, virtually completing her law school training. (Doc. 12, at 2.) In fact, Plaintiff's experience in law school is the subject of this lawsuit, and - as specified above - among other remedies, Plaintiff demands that she be given her law degree as part of this lawsuit.

Third, although Plaintiff's Second Response could be construed very liberally to be a proposed amended complaint, to date, Plaintiff has not moved to amend her complaint. Also, Plaintiff has never specified that her Second Response is a proposed amended complaint. To the

---

[6] The court notes that Plaintiff's Second Response shows that Plaintiff is capable of presenting her case by specifically listing her causes of action and citing to the facts she believes support each cause.

16

contrary, Plaintiff explains in her Second Response that she is enumerating causes of action "in response to Defendant's criticism in its Motion to Dismiss" (Doc. 22, at 3); thus, Plaintiff intended her Second Response simply to be a second response to TJLS's motion to dismiss and not a proposed amended complaint. In other words, Plaintiff, who has received several years of legal training, responded to TJSL's motion to dismiss, and then simply responded to it again after reading TJLS's First Reply.

Fourth, the court will not permit Plaintiff to continually attempt to salvage her case by untimely suggesting new theories of recovery, by presenting theories seriatim, and by making the complaint a moving target in an effort to avoid dismissal. The court is aware that TJLS has been actively responding to most, if not all, of Plaintiff's many motions. Also, TJLS filed its motion to dismiss based on Plaintiff's amended complaint. That motion was fully briefed before Plaintiff filed her Second Response. Plaintiff's First Response to the motion to dismiss was very brief, did not attempt to match her factual allegations to any specific causes of action, argued an incorrect legal standard, and simply requested that the case move to the discovery phase. Plaintiff did not move to file an amended complaint at that point. Instead, Plaintiff waited until TJSL had gone to the time and expense of filing its First Reply before filing her Second Response to attempt to match factual allegations to specific causes of action, and in doing so added new facts and a contract claim not contained in the amended complaint. The court concludes that under the circumstances of this case, Plaintiff must be held to what she has filed rather than being given another opportunity to address the deficiencies in her complaint. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (addressing whether to grant leave to amend under Rule 15 of the Federal Rules of Civil Procedure).

## 2. Review of Complaint Under IFP Statute

As described above, after this case was underway, Plaintiff moved to proceed IFP and the court granted that motion. Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff is proceeding IFP, Section 1915(e)(2)(B)(ii) applies to this case. Although the court has already determined that TJSL's motion to dismiss should be granted, Plaintiff also has specifically named 16 other defendants, as well as "all members of the ethics committee" of TJLS; therefore, the court has screened the case in terms of those defendants.

Having screened this case, the court concludes, for the same reasons given above for granting TJSL's motion to dismiss, that Plaintiff's amended complaint fails to state a claim on which relief may be granted in terms of the other defendants. Therefore, the court recommends that Plaintiff's complaint should be dismissed as to all remaining defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing, **IT IS HEREBY RECOMMENDED** that Defendant TJSL's motion to dismiss (Doc. 3) be **GRANTED**. **IT IS FURTHER RECOMMENDED** that Plaintiff's complaint be **DISMISSED** as to all remaining defendants pursuant to the IFP statute.

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the district court,

pursuant to 28 U.S.C. § 636(b), within fourteen (14) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 21st day of November, 2011.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge