2:11CV558, CW

3RD DISTRICT COURT - SALT LAKE
SALT LAKE COUNTY, STATE OF UTAH

JESSE ANNE MAJORS vs.  THOMAS JEFFERSON SCHOOL OF LAW

CASE NUMBER 110911547 Personal Injury

CURRENT ASSIGNED JUDGE
        PAUL G MAUGHAN

PARTIES

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JAN 25 2012

D. MARK JONES, CLERK
BY_____
        DEPUTY CLERK

        Plaintiff - JESSE ANNE MAJORS

        Defendant -  THOMAS JEFFERSON SCHOOL OF LAW

        Defendant - RUDY HASL

        Defendant - JEFFREY JOSEPH

        Defendant - BETH KRANSBERGER

        Defendant - ERIC MITNICK

        Defendant - JULIE GARRETT

        Defendant - CLAIRE WRIGHT

        Defendant - JOY DELMAN

        Defendant - JULIE CROMER-YOUNG

        Defendant - ARNOLD ROSENBERG

        Defendant - JANE LARRINGTON

        Defendant - PATRICK MEYER

        Defendant - LISA FERREIRA

        Defendant - ANGELA BAYNE

        Defendant - JAN DAUSS

        Defendant - LISA CHIGOS

        Defendant - CATHERINE DEAB

        Defendant -  ALL MEMBERS OF THE ETHICS COMM
ACCOUNT SUMMARY

        TOTAL REVENUE  Amount Due:        364.00
                       Amount Paid:       364.00

Printed: 01/23/12 12:32:01              Page 1

IN THE THIRD JUDICIAL DISTRICT COURT, STATE OF UTAH
SALT LAKE COUNTY - SALT LAKE DEPARTMENT

| Jesse Anne Majors | |  |
|---|---|---|
| | | REMOVAL TO UNITED STATES |
| PLAINTIFF | | DISTRICT COURT |
| —V--- | | |
| | | CERTIFICATE OF DELIVERY |
| Thomas Jefferson | | CASE: 110911547 |
| School of Law, etal | | JUDGE: Paul G. Maughan |
| DEFENDANTS | | |

I, Julie Rigby, Team Manager of the above entitled Court, do hereby certify that the foregoing and hereto attached file contains all the original papers filed in this Court in the above entitled case.

I further certify that the same is a full, true and correct transcript of all the records in the said case filed in our office.

AND, I further certify that the files and records are here by transferred to the United States District Court for the District of Utah, pursuant to the Notice of Removal filed on June 16, 2011.

WITNESS MY HAND AND SEAL OF SAID COURT
at Salt Lake City, Salt Lake County, State of Utah
this 23 day of January 2012.

JULIE RIGBY
TEAM MANAGER



ROBERT H. WILDE #3466
BRUCE M. FRANSON #10792
ROBERT H. WILDE, ATTORNEY AT LAW, P.C.
935 East South Union Avenue Suite D-102
Midvale, Utah 84047
Telephone: (801) 255-4774
Fax: (801) 566-5202

*Attorneys for Defendant Thomas Jefferson School of Law*

---

## IN THE THIRD JUDICIAL DISTRICT COURT, SALT LAKE CITY

## DEPARTMENT IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| Jesse Anne Majors,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Thomas Jefferson School of Law, et al,<br><br>　　　　Defendants, | REMOVAL NOTICE<br><br><br>Case No.: 110911547<br><br>Judge: Maughan |

Please take notice that this action has been removed to the United State District court for the

Central District of Utah. Attached is a copy of the Notice of Removal filed in that court less exhibits

DATED this _1 6_ day of ___June___, 2011.

_[signature]_

_____
ROBERT H. WILDE
Attorney for Defendant Thomas Jefferson School of Law

Delivery Certificate

I hereby certify that I caused a true and correct copy of the foregoing Removal Notice to be served by the method(s) indicated below and addressed to the following on this _16_ day of _June_, 2011.

Jesse Anne Majors
6649 South 5500 West
West Jordan, Utah 84081

Delivered:

(✓) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
( ) E-mail

_____



1

| My Name | Jesse Majors |
| Address | 6649 South 5500 West |
| City, State, Zip | West Jordan, Utah 84081 |
| Phone | 801-360-6880 |
| E-mail | |

FILED DISTRICT COURT
Third Judicial District

JUN 03 2011

By_____ SALT LAKE COUNTY
_____
Deputy Clerk

2

I am the    X Plaintiff
☐ Attorney for the Plaintiff and my Utah Bar number is _____

3
_____

4                      In the Justice Court of Utah

5          ____Third_____ Judicial District __Salt Lake_____ County
6    Court Address _450 South State Street, Salt Lake City, Utah 84114___
7
_____

JESSE ANNE MAJORS                          )
                                           )    **AMENDED COMPLAINT**
                   Plaintiff,              )
                                           )
                                           )
vs.                                        )
                                           )    Civil No.   110911547
THOMAS JEFFERSON SCHOOL OF                 )
LAW, a California Corporation, and         )    Judge Maughan
RUDY HASL and JEFFREY JOSEPH and           )
BETH KRANSBERGER and ERIC                  )
MITNICK and JULIE GARRETT and              )
CLAIRE WRIGHT and JOY DELMAN               )    **DEMAND FOR JURY TRIAL**
and JULIE CROMER-YOUNG and                 )
ARNOLD ROSENBERG and JANE                  )
LARRINGTON and PATRICK MEYER               )
and LISA FERREIRA and ANGELA               )
BAYNE and JAN DAUSS AND LISA               )
CHIGOS and CATHERINE DEAN and              )
ALL MEMBERS OF THE ETHICS                  )
COMMITTEE OF THOMAS                        )
JEFFERSON SCHOOL OF LAW 2006-              )
2011                                       )
                                           )
                   Defendants.

8
9
10        Plaintiff complains of Defendants as follows:

11                          **INTRODUCTION**

12    1.    This matter involves Plaintiff's law school career at Thomas Jefferson School of
13          Law (TJSL) during 2006 through 2011.
14    2.    Since the beginning of attendance at TJSL, Plaintiff has been the victim of various
15          crimes including, but not limited to, harassment, intimidation, religious, gender
16          and age discrimination, defamation, slander, libel, intentional infliction of mental
17          anguish and emotional distress, creation of hostile educational environment,
18          violation of her due process and constitutional rights, violations of professional
19          conduct, and unethical behavior.

### NATURE OF ACTION AND FACTUAL BACKGROUND

21    3.    In the first year of law school, Jesse was subjected to an assault by a male student
22          in the law school parking lot. An ethics investigation was started. Jesse was
23          falsely accused of vandalizing the male's car in retaliation for the assault.
24    4.    During the interrogation, Jesse was threatened and sexually harassed by Arnold
25          Rosenberg, the interrogator. He threatened her that she could be kicked out of
26          school, be fined, and go to jail for vandalism. While she continued to maintain
27          her innocence and asked what the school was doing about the assault, the
28          interrogator asked to see Jesse's hands and car keys. Jesse was extremely upset.
29          In response to Jesse getting emotional about the accusation, Mr. Rosenberg said,
30          "This is the kind of thing you will face in your law career. Women like you will
31          have to defend themselves and face aggressive male attorneys. If you act weak
32          and get emotional like you are now, you will never make it as an attorney." As
33          Jesse showed her hands and car keys to Mr. Rosenberg, she asked why he wanted

2

34      to see them.  He responded, as he was holding her hands and examining her

35      fingernails, "Because we can have your hands and car keys forensic-tested."  Jesse

36      began to cry.  Mr. Rosenberg continued his harassment and intimidation by

37      saying, "Hey!  There's no crying in law school!"  After that response, Jesse

38      grabbed her hands and car keys back and said to go ahead and forensic-test her

39      keys because they would not find anything.  She also asked again what was going

40      to happen regarding the assault and Mr. Rosenberg responded, "I don't believe

41      that anything you said even happened."  Feeling trapped, intimidated and

42      emotionally held hostage, Jesse agreed that both she and the male student would

43      attend anger management classes to resolve the issue.

44   5.   Nothing was done about the assault and the day after the interrogation, Jesse's car

45      door had been damaged in the school parking lot.  Jesse complained to the same

46      committee that she was afraid the male student was responsible for it, but they

47      refused to investigate claiming that Jesse "had no proof".  Jesse had to pay $30.00

48      per one-hour session, drive over 1 ½ hours to each session, and submit a

49      completion certificate that she completed the 12 sessions in order to have no

50      negative documentation be placed in her file.

51   6.   While Jesse was at home in Utah attending two funerals and dealing with the

52      overdose of her youngest brother, Thomas Jefferson School of Law and Jesse

53      agreed that she could do a directed study project to continue her education.  Jesse

54      was given permission to work with Jane Larrington, the school's research

55      librarian, as her supervisor, on the project.  Jesse completed the project without

3

56      adequate direction, supervision, education, editing assistance, or guidance from

57      the Defendant.

58  7.  In fact, the Defendant did not advise Jesse that there were typographical errors or

59      possible citation errors in her paper.  The Defendant, without notifying Jesse or

60      granting her an opportunity to fix the errors or respond, accused Jesse of

61      plagiarism and an investigation was started.  The Defendant had a copy of Jesse's

62      paper since December 23, 2009 and no communication between Jane Larrington,

63      Claire Wright and Jesse has occurred until Jesse went back to school in January of

64      2010 and the investigation itself was not progressing until February, 2010.

65  8.  During the investigation, her due process rights were violated.  She was told, via

66      email, by Claire Wright, head of the Ethics Committee, that an investigation had

67      been started and that if Jesse did not hear a response from the Committee "within

68      a week", "please contact (Claire) and let her know".  Jesse did not hear from the

69      Ethics Committee as she was told and contacted Claire Wright via email.  In fact,

70      Jesse has to wait almost three months to get a response.  Claire Wright sent Jesse

71      a notice that a decision had been made on February 22, 2010 and Jesse had until

72      February 26, 2010 to respond.  This timeframe was unduly prejudicial and

73      unreasonable as midterms were occurring at the time.  It is the Plaintiff's belief

74      that this was an intentional act to threaten and intimidate her into making a

75      decision not in her best interest.

76  9.  Jesse requested answers to some questions regarding the proposal the Ethics

77      Committee had proposed.  She had spoken to three Deans (Rudy Hasl, Beth

4

78          Kransberger, Eric Mitnick), several Faculty Advisors (Lisa Ferreira, Julie Garrett,

79          Angela Bayne) and student advocacy groups (Chris Paulos of the Student Bar

80          Association) to get permission to continue her education, extra-curricular

81          activities and other academic endeavors while the Ethics Committee made its

82          decision. Jesse was very patient regarding the investigational process. She even

83          requested appointments with Faculty Secretaries, including Jan Dauss (secretary

84          to Dean Hasl) and Skylar Rayhill in which she was ignored multiple times. Dean

85          Hasl and Beth Kransberger actually ran from her as she asked for their schedules

86          to set up an appropriate time to discuss the situation!

87      10.     However, during this process, her future goals both personally and academically

88          were halted. She was denied permission to organize a student chapter advocating

89          for animal rights. She was denied scholarships in which she was more than

90          capable and worthy of being awarded. She was denied permission to go to China

91          to study abroad. These actions are egregious, especially in light of the fact that

92          she was given permission by Dean Beth Kransberger, and Lisa Ferreira to pursue

93          these activities while the review process was going on so as not to miss deadlines.

94          After she made substantial progress toward completing these tasks, because she

95          reasonably relied on the word of her Dean (who promised to email the appropriate

96          personnel and failed to do so) and the word of her Academic Advisor, she was

97          sent an extremely rude email revoking this permission and implying to said

98          personnel that Jesse had overstepped and blatantly disregarded her superiors.

99          Jesse was coerced in turning over her task of implementing a student chapter and

100     tried her best to do so because she wanted to focus on her education and not on

101     this unnecessary battle. (The Student Chapter fell through without her direction).

102  11. However, revoking permission to go to China was unacceptable and a battle Jesse

103     felt she must fight. It was imperative that she go to China because it was the

104     quickest, most economical and most career-oriented way to graduate, begin her

105     career and get back home to Utah where her family, friends, husband and 1 1/2-

106     year old daughter awaited her. Mandarin Chinese was her undergraduate degree

107     and going to China was a once in a lifetime opportunity to make international

108     contacts to begin her career as an international lawyer. By denying Jesse this

109     permission, she was deprived of her constitutional rights to life, liberty, pursuit of

110     happiness and her right to pursue an education. At the time of the investigation,

111     Jesse was also disallowed to register for the next semester, further hindering her

112     right to an education.

113  12. Professors Julie Cromer-Young, Joy Delman, Claire Wright and other members of

114     the Ethics Committee, (unknown at this time) have defamed her character by

115     inquiring into past semesters, questioning her professors, and viewing past papers

116     she had received highly satisfactory grades on, and other faculty implying that she

117     is guilty of plagiarism under the guise of conducting an investigation, when she is

118     guilty of no such thing.

119  13. During an "informal" hearing, Jesse's mothering skills and age were unethically

120     questioned. Joy Delman and Julie Cromer-Young asked Jesse how old she was

121     and then followed that unethical question with, "how a woman her age handled

6

122           stress".  They questioned how she could raise a 1 ½-year-old daughter and still be

123           a good mother and how Jesse's husband felt about her being away all the time.

124           Jesse refused to answer, stating that it was not related to the investigation and

125           none of their business.   Jesse asked to read a prepared statement and was

126           discouraged several times from reading it by Joy Delman who stated that the

127           investigation was "informal and (Jesse's) statement didn't need to be heard."

128    14.    The furtherance of her education and career were unreasonably and intentionally

129           delayed.  Jesse was lied to by faculty she trusted and whom defamed her to other

130           faculty, professors, potential employers and her peers.  After being coerced, under

131           duress and intimidation, and without representation to assist her in her decision,

132           Jesse accepted a proposal to resolve the alleged ethical violation.

133    15.    For almost two years, Jesse tried to fulfill her obligations (and did so,

134           successfully) under the proposal, including finding a professor to supervise her on

135           another directed study project, attending 5 hours of legal citation training and

136           completing 5 hours of MCLE Ethics training.  Jesse wrote multiple emails and

137           when they were left unanswered, she followed them up with multiple voice

138           messages and even requests for a face-to-face appointment as she was required

139           under the proposal to get preapproval to meet her obligations.  She NEVER

140           received a response, from ANYONE she contacted about it.  Therefore, Jesse did

141           the ethical, professional thing she do and wrote a directed study paper, without

142           any assistance, attended 5.5 hours of Ethics training in Utah via podcast, writing a

143      summary of watch she watched and got them approved through the State Bar of

144      California.

145    16.   Jesse has attended sufficient legal study to be granted a graduation certificate

146      reflecting at least a cumulative 2.5GPA and wrote a directed study paper worth of

147      a passing grade.  She is being unethically, unprofessionally, and illegally denied

148      these.

149    17.   Upon Jesse's demand that this be done, she has been threatened by Dean Hasl and

150      treated with the utmost disrespect by Jeff Joseph and other personnel.  The school

151      has also refused to speak to her family on the phone or email.  The school has also

152      disrespected her father, causing Jesse more mental anguish and emotional distress,

153      intentionally inflicted by TJSL.

154    18.   The last threat from TJSL was April 15, 2011 in an email in which they threatened

155      to expel her from school, refuse to give Jesse her transcripts and not allow her to

156      graduate or register for more classes.  No action on their part has been taken,

157      further preventing the progress of her career, causing Jesse to miss the deadline

158      for taking the Bar exam, thereby increasing the financial and emotional burden on

159      her family.

160                    **JURISDICTION AND VENUE**

161    19.   This Court has subject matter jurisdiction.

162    20.   Defendants, directly and indirectly, singly and in concert, have made use of the

163      means and instrumentalities of mail and interstate commerce in connection with

164        the transactions, acts and courses of educational business alleged herein, certain of

165        which have occurred within the District of Utah.

166     21.   Venue for this action is proper in the District of Utah because certain transactions,

167        acts, practices and courses of business alleged in this Complaint took place in this

168        district and because Jesse resides in this district and because certain of the

169        defendants transact business in this district.

170                              **PRAYER FOR RELIEF**

171        WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

172     A. For judgment against defendant in the amount of $200,000,000 (two hundred million
173        dollars); $100,000,000 in actual damages and $100,000,000 in punitive damages.

174     B. Grade of 4.0 for a paper she has written;

175     C. Grant of, at least, a 2.20 cumulative GPA;

176     D. Grant of Certificate of Law and Social Justice;

177     E. Grant of and distribution of honor cords per participation in several student organizations
178        and foundation of Student Chapter of Animal Legal Defense Fund student organization;

179     F. Grant of graduation and distribution of accompanying graduation certificate;

180     G. Injunction against any negative comments or documents being maintained in her file.

Date ___6·2-11___          Sign here ▶ _____

                   Typed or printed name _____ Jesse Anne Majors
181
182

9

| My Name | Jesse Majors |
| Address | 6649 South 5500 West |
| City, State, Zip | West Jordan, Utah 84081 |
| Phone | 801-360-6880 |
| E-mail | jessemajors@netscape.com |

183

I am the   X Plaintiff
☐ Attorney for the Plaintiff and my Utah Bar number is _____

184

185                             In the Justice Court of Utah

186             ____Third_____ Judicial District __Salt Lake_____ County
187    Court Address _450 South State Street, Salt Lake City, Utah 84114___
188

JESSE ANNE MAJORS                          )
                                           )    **AMENDED SUMMONS**
            Plaintiff,                     )
                                           )
vs.                                        )
                                           )    Civil No.   110911547
THOMAS JEFFERSON SCHOOL OF                 )
LAW, a California Corporation, and         )    Judge Maughan
RUDY HASL and JEFFREY JOSEPH and           )
BETH KRANSBERGER and ERIC                  )
MITNICK and JULIE GARRETT and              )
CLAIRE WRIGHT and JOY DELMAN               )
and JULIE CROMER-YOUNG and                 )
ARNOLD ROSENBERG and JANE                  )
LARRINGTON and PATRICK MEYER               )
and LISA FERREIRA and ANGELA               )
BAYNE and JAN DAUSS AND LISA               )
CHIGOS and CATHERINE DEAN and              )
ALL MEMBERS OF THE ETHICS                  )
COMMITTEE OF THOMAS                        )
JEFFERSON SCHOOL OF LAW 2006-              )
2011                                       )

            Defendants.

189

190    THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANTS:

10

191   You are summoned and required to answer the attached complaint.

192   Within 30 days after service of this summons, you must file your

193   written answer with the clerk of the court at the following

194   address: <u>450 South State Street, Salt Lake City, Utah 84114</u>.

195   If you fail to do so, judgment by default may be taken against you for the relief demanded in the
196   complaint.

Date _____6·2-11_____          Sign here ▶  _____

                              Typed or printed name  _____
197                                                              Jesse Anne Majors



FILED DISTRICT COURT
Third Judicial District

MAY 12 2011

SALT LAKE COUNTY

By ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ✗W
                    Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT IN AND FOR
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| JESSE ANNE MAJORS )<br><br>Plaintiff, )<br> )<br>vs. )<br> )<br>THOMAS JEFFERSON SCHOOL OF )<br>LAW, a California Corporation, and )<br>RUDY HASL and JEFFREY JOSEPH and )<br>BETH KRANSBERGER and ERIC )<br>MITNICK and JULIE GARRETT and )<br>CLAIRE WRIGHT and JOY DELMAN )<br>and JULIE CROMER-YOUNG and )<br>ARNOLD ROSENBERG and JANE )<br>LARRINGTON and PATRICK MEYER )<br>and LISA FERREIRA and ANGELA )<br>BAYNE and JAN DAUSS AND LISA )<br>CHIGOS and CATHERINE DEAN and )<br>ALL MEMBERS OF THE ETHICS )<br>COMMITTEE OF THOMAS )<br>JEFFERSON SCHOOL OF LAW 2006- )<br>2011 )<br> )<br>Defendants. | **COMPLAINT**<br><br>Civil No.  110911547  PI<br><br>Judge  Maughan |

Plaintiff complains of Defendants as follows:

### INTRODUCTION

1.  This matter involves Jesse's law school career at Thomas Jefferson School of Law
    (TJSL) during 2006 through 2011.

2.  Since the beginning of Jesse's attendance at TJSL, she has been the victim of
    various crimes including, but not limited to, harassment, intimidation, gender and
    age discrimination, defamation, slander, libel, intentional infliction of mental
    anguish and emotional distress, creation of hostile educational environment,

violation of her due process and constitutional rights, violations of professional conduct, and unethical behavior.

3.     In the first year of law school, Jesse was subjected to an assault by a male student in the law school parking lot. An ethics investigation was started. Jesse was falsely accused of vandalizing the male's car in retaliation for the assault. During the interrogation, Jesse was threatened and sexually harassed by Arnold Rosenberg, the interrogator.

4.     Jesse completed a directed study project. She was falsely accused of plagiarism and an investigation was started. During the investigation, her due process rights were violated. Jesse's mothering skills and age were unethically questioned. The furtherance of her education and career were unreasonably and intentionally delayed. Jesse was lied to by faculty she trusted and whom defamed her to other faculty, professors, potential employers and her peers. After being coerced, under duress and intimidation, and without representation to assist her in her decision, Jesse accepted a proposal to resolve the alleged ethical violation.

5.     For almost two years, Jesse fulfilled her obligations under the proposal, including finding a professor to supervise her on another directed study project, attending 5 hours of legal citation training and completing 5 hours of MCLE Ethics training. Jesse wrote multiple emails and when they were left unanswered, she followed them up with multiple voice messages and even requests for a face-to-face appointment as she was required under the proposal to get preapproval to meet her obligations. She NEVER received a response, from ANYONE she contacted

about it.  Therefore, Jesse did the ethical, professional thing she do and wrote a directed study paper, without any assistance, attended 5.5 hours of Ethics training in Utah via podcast, writing a summary of watch she watched and got them approved through the State Bar of California.

6.  Jesse has attended sufficient legal study to be granted a graduation certificate reflecting at least a cumulative 2.5GPA and wrote a directed study paper worth of a passing grade.  She is being unethically, unprofessionally, and illegally denied these.

7.  Upon Jesse's demand that this be done, she has been threatened by Dean Hasl and treated with the utmost disrespect by Jeff Joseph and other personnel.  The school has also refused to speak to her family on the phone or email.  The school has also disrespected her father, causing Jesse more mental anguish and emotional distress, intentionally inflicted by TJSL.

8.  The last threat from TJSL was April 15, 2011 in an email in which they threatened to expel her from school, refuse to give Jesse her transcripts and not allow her to graduate or register for more classes.  No action on their part has been taken, further preventing the progress of her career, causing Jesse to miss the deadline for taking the Bar exam, thereby increasing the financial and emotional burden on her family.

**JURISDICTION AND VENUE**

4.  This Court has subject matter jurisdiction.

5.     Defendants, directly and indirectly, singly and in concert, have made use of the means and instrumentalities of mail and interstate commerce in connection with the transactions, acts and courses of educational business alleged herein, certain of which have occurred within the District of Utah.

6.     Venue for this action is proper in the District of Utah because certain transactions, acts, practices and courses of business alleged in this Complaint took place in this district and because Jesse resides in this district and because certain of the defendants transact business in this district.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For judgment against defendant in the amount of $200,000,000 (two hundred million dollars); $100,000,000 in actual damages and $100,000,000 in punitive damages.

B. Grade of 4.0 for a paper she has written;

C. Grant of, at least, a 2.20 cumulative GPA;

D. Grant of Certificate of Law and Social Justice;

E. Grant of and distribution of honor cords per participation in several student organizations and foundation of Student Chapter of Animal Legal Defense Fund student organization;

F. Grant of graduation and distribution of accompanying graduation certificate;

G. Injunction against any negative comments or documents being maintained in her file.

DATED: 5-12-11     Signed: _____

# COVER SHEET FOR CIVIL FILING ACTIONS

Page 1 of 2

**Party Identification (Attach additional sheets as necessary)**

| PLAINTIFF/PETITIONER | ATTY FOR PLAINTIFF/PETITIONER |
|---|---|
| Name Jesse Majors | Name Pro se        Bar # _____ |
| Address 6649 S. 5500 W. West Jordan, UT 84081 | Address |

| PLAINTIFF/PETITIONER | ATTY FOR PLAINTIFF/PETITIONER |
|---|---|
| Name | Name        Bar # _____ |
| Address | Address |

| DEFENDANT/RESPONDENT | ATTY FOR DEFENDANT/RESPONDENT |
|---|---|
| Name Thomas Jefferson School of Law et al | Name Unknown        Bar # _____ |
| Address 1155 Island Ave. San Diego, CA 92108 | Address |

| DEFENDANT/RESPONDENT | ATTY FOR DEFENDANT/RESPONDENT |
|---|---|
| Name | Name        Bar # _____ |
| Address | Address |

**TOTAL CLAIM FOR DAMAGES**
**(AMOUNT IN CONTROVERSY)**

$ 200,000,000.00

**JURY DEMAND**

☒ Yes    ☐ No

## SCHEDULE OF FEES: §78A-2-301. CHECK ANY THAT APPLY.

(See case types on reverse for filing fees for complaints other than claims for damages.)

-------- **COMPLAINT FOR DAMAGES** --------

| | | |
|---|---|---|
| $75 | ☐ | Civil or Interpleader: $2000 or less |
| $185 | ☐ | Civil or Interpleader: $2001 - $9999 |
| $360 | ☐ | Civil or Interpleader: $10,000 & over |
| $360 | ☐ | Civil Unspecified |

-------------- **MISCELLANEOUS** ---------------

| | | |
|---|---|---|
| $250 | ☐ | Jury Demand |
| $8 | ☐ | Vital Statistics §26-2-25 per form |

---------------- **SMALL CLAIMS** ------------------

| | | |
|---|---|---|
| $60 | ☐ | Small Claims: $2000 or less |
| $100 | ☐ | Small Claims: $2001-$7,499 |
| $185 | ☐ | Small Claims: $7,500-$10,000 |
| $50 | ☐ | Counterclaim: $2000 or less |
| $70 | ☐ | Counterclaim: $2001-$7,499 |
| $120 | ☐ | Counterclaim: $7,500-$10,000 |

**Effective: May 12, 2009**

# COVER SHEET FOR CIVIL FILING ACTIONS Page 2 of 2
## Please Check Only One Category

| Fee | | Case Type |
|-----|---|-----------|
| | | **---------------- APPEALS ----------------** |
| $360 | ❑ | Administrative Agency Review |
| $225 | ❑ | Civil (78A-2-301(1)(h)) |
| $225 | ❑ | Small Claims Trial de Novo |
| | | |
| | | **---------------- GENERAL CIVIL ----------------** |
| $360 | ❑ | Attorney Discipline |
| Sch | ❑ | Civil Rights |
| $ 0 | ❑ | Civil Stalking |
| $360 | ❑ | Condemnation/Eminent Domain |
| Sch | ❑ | Contract |
| Sch | ❑ | Debt Collection |
| Sch | ❑ | Eviction/Forcible Entry and Detainer |
| $135 | ❑ | Expungement (Fee is $0 under circumstances of §77-18-10(2)) |
| $360 | ❑ | Extraordinary Relief/Writs |
| $360 | ❑ | Forfeiture of Property |
| Sch | ❑ | Interpleader |
| Sch | ❑ | Lien/Mortgage Foreclosure |
| Sch | ❑ | Malpractice |
| Sch | ❑ | Miscellaneous Civil |
| Sch | ❑ | Personal Injury |
| $360 | ❑ | Post Conviction Relief: Capital |
| $360 | ❑ | Post Conviction Relief: Non-capital |
| Sch | ❑ | Property Damage |
| Sch | ❑ | Property/Quiet Title |
| Sch | ❑ | Sexual Harassment |
| Sch | ❑ | Tax |
| Sch | ❑ | Water Rights |
| Sch | ❑ | Wrongful Death |
| $360 | ❑ | Wrongful Lien |
| Sch | ❑ | Wrongful Termination |
| | | **---------------- DOMESTIC ----------------** |
| $0 | ❑ | Cohabitant Abuse |
| $310 | ❑ | Common Law Marriage |
| $310 | ❑ | Custody/Visitation/Support |
| $310 | ❑ | Divorce/Annulment |
| | ❑ | Check if child support, custody or parent-time will be part of decree |
| | ❑ | Check if Temporary Separation filed |
| $35 | ❑ | Foreign Domestic Decree |

| Fee | | Case Type |
|-----|---|-----------|
| $360 | ❑ | Grandparent Visitation |
| $360 | ❑ | Paternity/Parentage |
| $100 | ❑ | Domestic Modification |
| $310 | ❑ | Separate Maintenance |
| $35 | ❑ | Temporary Separation |
| $35 | ❑ | Uniform Child Custody Jurisdiction & Enforcement Act  (UCCJEA) |
| $35 | ❑ | Uniform Interstate Family Support Act (UIFSA) |
| | | **---------------- JUDGMENTS ----------------** |
| $35 | ❑ | Abstract of Foreign Judgment |
| $50 | ❑ | Abstract of Judgment or Order of Utah Court/Agency |
| $30 | ❑ | Abstract of Judgment/Order of Utah State Tax Commission |
| $35 | ❑ | Judgment by Confession |
| | | **---------------- PROBATE ----------------** |
| $360 | ❑ | Adoption/Foreign Adoption |
| $360 | ❑ | Conservatorship |
| $360 | ❑ | Estate Personal Rep - Formal |
| $360 | ❑ | Estate Personal Rep - Informal |
| $35 | ❑ | Foreign Probate/Child Custody Doc. |
| $360 | ❑ | Gestational Agreement |
| $360 | ❑ | Guardianship |
| $ 0 | ❑ | Involuntary Commitment |
| $360 | ❑ | Minor's Settlement |
| $360 | ❑ | Name Change |
| $360 | ❑ | Supervised Administration |
| $360 | ❑ | Trusts |
| $360 | ❑ | Unspecified Probate |
| | | **---------------- SPECIAL MATTERS ----------------** |
| $35 | ❑ | Arbitration Award |
| $0 | ❑ | Determination Competency-Criminal |
| $0 | ❑ | Hospital Lien |
| $35 | ❑ | Judicial Approval of Document Not Part of Pending Case |
| $35 | ❑ | Notice of Deposition in Out-of-State Case/Foreign Subpoena |
| $35 | ❑ | Open Sealed Record |