IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JESSE ANNE MAJORS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THOMAS JEFFERSON SCHOOL OF LAW, et al.,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:11-CV-0558<br><br>Judge Clark Waddoups |

## **INTRODUCTION**

Before the court are Plaintiff Jesse Anne Majors' Objection to Report and Recommendation (Dkt No. 80) to Magistrate Judge Sam Alba's Report and Recommendation (Dkt No. 78).  In this action the Plaintiff complains of Defendant Thomas Jefferson School of Law and others about her treatment as a law student and prays for relief in the form of a judgment for actual and punitive damages of $200,000,000, for a grade of 4.0 on a paper she has written, for a 2.20 cumulative GPA, for a grant of a Certificate of Law and Social Justice, for a grant of honor cords, for a grant of a graduation certificate and for an injunction against any negative comments being maintained in her file.  Upon referral by the court, Magistrate Judge Sam Alba recommended that the court grant the Defendants motion to dismiss for failure to state a claim.  Plaintiff objects to the recommendation on a number of grounds, including that the motion cannot be granted because there is a lack of service on the defendants.  Plaintiff also seeks leave to amend her complaint (Dkt No. 85).  With the additional explanation stated below,

the court overrules Plaintiff's objections and accepts and adopts the Recommendation and Report and DENIES the motion to Amend the Complaint.  Nevertheless, the Plaintiff may again seek leave of the court to amend her complaint by filing a new motion, and attaching a copy of the proposed amended complaint in which she includes all of the claims she intends to assert.  If the Plaintiff elects to move for leave to amend the complaint, the motion shall be filed on or before April 23, 2012.   Any opposition to the motion shall be filed within the time allowed by the Federal Rules of Civil Procedure.

## DISCUSSION

The court adopts the reasoning stated in the Report and Recommendation.  As a further explanation, the court draws Plaintiff's attention to 28 U.S.C. § 1915, which governs the authorization and commencement of proceedings *in forma pauperis* ["IFP"].  This section permits "any court of the United States [to] authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security . . . ."  § 1915(a) (1).  Section 1915(d) then states that "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."  That said, any failure of the court to serve process will not prejudice an IFP plaintiff.  *See Olsen v. Mapes*, 333 F.3d 1199, 1204-05 (10th Cir. 2003) (finding that a plaintiff proceeding in *forma pauperis* is entitled to rely on service by the U.S. Marshal, and is therefore not culpable for failure to serve where there is no evidence that the plaintiff failed to cooperate with the U.S. Marshals).

There is also an important caveat under the IFP procedure that Plaintiff fails to appreciate.  Because the IFP statute shifts the financial burden of issuing and serving process to the public, courts have been given the power to review the merits of the case "at any time."  Indeed, the court "shall dismiss the case at any time if [it] determines that – (B) the action or

appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2). Accordingly, it is the practice of this and other courts to "screen" IFP complaints for the purpose of assuring that they have merit before spending the public's money on needless process. Because the Magistrate Judge correctly screened the complaint in review of the motion to dismiss, it is a moot point whether the Defendants had been served. Therefore, the following motions are DENIED as either being premature or otherwise moot: Plaintiff's Motion for Order Declaring All Defendants Properly Serve (Dkt. No. 30), Motion for Service of Process (Dkt. No. 54), Motion for Order Declaring All Defendants Properly Served (Dkt. No. 60), and Request for Hearing (Dkt. No. 81), and Second Motion Requesting Service of Process (Dkt. No. 94).

The court observes that should Plaintiff seek leave to amend her complaint, she would do well to carefully study the problems with the existing complaint that Magistrate Judge Alba identified in his Report. Plaintiff would also benefit from considering that impugning the court's neutrality and impartiality without factual support or bases is not effective advocacy and is likely problematic under Rule 11. (Dkt. No. 80, 3-5, 11.) The fact that the court finds that the complaint fails to comply with the pleading rules and fails to cite facts sufficient to state a claim is not a basis to assert bias.

Following the Report and Recommendation, Plaintiff moved to amend her complaint. (Dkt. No. 85.) Plaintiff failed to attach a proposed amended complaint to her order. Because of that failure, the court is unable to assess whether the motion has merit. Moreover, the memorandum in support of the motion fails to adequately address the problems identified in the Report and Recommendation. The motion is therefore denied without prejudice to the right of Plaintiff to file a motion with a proposed amended complaint attached.

**CONCLUSION**

For the reasons stated herein, Plaintiff's following Motions are DENIED: Motion for Order Declaring All Defendants Properly Served (Dkt. No. 30), Motion for Service of Process (Dkt. No. 54), Motion for Order Declaring All Defendants Properly Served (Dkt. No. 60), Request for Hearing (Dkt. No. 81), Second Motion Requesting Service of Process (Dkt. No. 94), Plaintiff's Objection to Report and Recommendation (Dkt No. 80) and Plaintiff's Motion to Amend/Correct Complaint (Dkt No. 85).  Plaintiff's Motion to Extension of Time (Dkt No. 14), Plaintiff's Motion for Sanctions (Dkt No. 32), Plaintiff's Motion to Stay,  Plaintiff's Motion for Mandatory Injunction (Dkt No. 72) are DENIED as moot.  Plaintiff's Motion to Appoint Counsel-Substitute Pro Bono (Dkt No. 69) is DENIED without prejudice pending a determination on whether Plaintiff will be granted leave to amend her complaint.

 Defendants' motion to dismiss (Dkt. No. 3) is GRANTED and the magistrate judge's Report and Recommendation (Dkt. No. 78) is adopted.  Defendants' Motion for Sanctions Under Rule 11 (Dkt No. 39) and Defendants' Motion for a Pre-filing Conference (Dkt No. 66) are DENIED without prejudice.

All other motions (Dkt Nos.94, 97, and 98) are terminated pending the court's decision as to whether leave will be granted to allow Plaintiff to amend her complaint.

DATED this 19th day of March, 2012.

BY THE COURT:

_____

5

                      Clark Waddoups
                      United States District Judge