ROBERT H. WILDE #3466
BRUCE M. FRANSON #10792
ROBERT H. WILDE, ATTORNEY AT LAW, P.C.
935 East South Union Avenue Suite D-102
Midvale, Utah 84047
Telephone: (801) 255-4774
Fax: (801) 566-5202

*Attorneys for Defendant Thomas Jefferson School of Law*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESSE ANNE MAJORS,<br><br>     Plaintiff,<br><br>v.<br><br>THOMAS JEFFERSON SCHOOL OF LAW, et al,<br><br>     Defendants. | **MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br><br>Case No.: 2:11cv00558 CW |

     COME NOW, Defendant and submits this Memorandum in Response to Plaintiff's Motion for Leave to File Amended Complaint.

**ARGUMENT**

     Fed. R. Civ. P. 15(a)(2) provides, "(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court

should freely give leave when justice so requires." This rule, however, is not without limits. In interpreting 15(a)(2) the 10th Circuit Court of Appeals has held, "The district court is not required to grant leave to amend, however, if amendment would be futile. ... 'A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.'" *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008). If such a dismissal operates on the merits of the complaint, it will also ordinarily be entered with prejudice. *Hill v. City of Oklahoma City,* 448 Fed. Appx. 814; 2011 U.S. App. LEXIS 19017 (10th Cir. 2011). As noted by Plaintiff, her prior complaint was dismissed under Fed. R. Civ. P. 12 on March 19, 2012. (Dkt. No. 101). For the Plaintiff's current motion for leave to be granted she must show that the Second Amended Complaint cures the prior defects and is pled in a manner sufficient to survive a motion to dismiss. This also means that Plaintiff must provide legitimate complete factual allegations, rather than rote repetition of the necessary elements of a cause of action. "[N]aked assertions devoid of further factual enhancement" do not sufficiently state a claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plaintiff's Second Amended Complaint fails to meet that standard, and her motion for leave to amend should therefore be denied.

  Plaintiff acknowledges that "[t]here may be some deficiencies remaining in the Amended Complaint ..." and later states, "Plaintiff plans to provide a more detailed description of the causes of action at issue ...". Both of these statements imply that the Plaintiff plans to file yet another Amended Complaint, beyond the proposed Second Amended Complaint attached to the current motion, in which she will further address any shortcomings. This defies the constraints of Fed. R. Civ. P. 15. A failure to submit a proposed Amended Complaint along with the motion for leave

prevents the Court from determining whether or not the defects have been cured, and leaves it unable to determine whether or not leave to amend should be granted.  Plaintiff has submitted a proposed Second Amended Complaint as an exhibit along with her Motion for Leave, and must be held to the contents thereof, and not to any promised undrafted theoretical changes, in determining whether or not to grant leave to amend.

### *1. Breach of Contract*

Plaintiff's allegations found in her first cause of action, breach of contract, fail primarily because they are untrue.  Paragraphs 4 and 5 allege, in different ways, that the Plaintiff has met the requirements for graduation and receipt of a diploma.  On the contrary, Plaintiff twice committed plagiarism while in law school and therefore does not meet the requirements for graduation or receipt of a diploma.  Plaintiff has intentionally failed to address those facts in her complaint.  In order to present those facts to the Court the Defendant would need to include information about Plaintiff's plagiarism as part of a subsequent motion pursuant to Fed. R. Civ. P. 12(b).  Such inclusion of facts outside of the Complaint would normally convert a motion under Fed. R. Civ. P. 12 to a motion for summary judgment under Fed. R. Civ. P. 56.  However, this Court is entitled to take judicial notice of the contents of the Court's own file.  And taking notice of those facts as part of a motion under Fed. R. Civ. P. 12(b) allows the court to proceed without converting the motion to a summary judgment motion.  *Rose v. Utah State Bar*, 2012 U.S. App. LEXIS 6058 (10th Cir, March 23, 2012).  Therefore, the Court will be able to consider the contents of its own file in regard to the breach of contract claim without having the motion considered under Fed. R. Civ. P. 56.  This is particularly applicable in this case where there have already been over 100 separate filings without

the parties ever moving into the discovery phase. On October 27, 2011, the Plaintiff filed a Motion and Memorandum Supporting Order for Mandatory Injunction. (Dkt. No. 72) In that motion, Plaintiff cited to and provided copies of the correspondence between herself and Rudy Hasl, dean of the law school, where Mr. Hasl described the fact that the Plaintiff committed plagiarism twice and laid out the requirements for her to continue her education with the law school. Plaintiff acknowledges in that motion her failure to meet those subsequent requirements. The Court should take judicial notice of and consider the Plaintiff's previous motion and the multiple instances of plagiarism described there in considering the propriety of her Second Amended Complaint. Plaintiff cannot truthfully contend that she completed the necessary requirements for graduation, and her breach of contract claim will therefore fail under a motion to dismiss.

Additionally, to withstand a motion to dismiss, a "complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Okla. ex rel. Dep't of Soc. Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The purpose of this "plausibility" requirement is "to weed out claims that do not in the absence of additional allegations have a reasonable prospect of success [and] inform the Defendants of the actual grounds of the claim against them." *Id.* at 1248. Plaintiff's decision to intentionally ignore her own plagiarism is a failure to plead all the necessary allegations and is an effort to intentionally present untrue statements to the Court. That claim will fail in the face of a motion made under Fed. R. Civ. P. 12(b)(6) and therefore leave to amend should not be granted.

### 2. Intentional Infliction of Emotional Distress

Intentional Infliction of Emotional Distress (IIED) is a claim based on state law rather than

federal law.  "Under Utah law, a plaintiff must prove four elements to establish an intentional infliction of emotional distress claim: (i) the [defendant's] conduct [complained of] was outrageous and intolerable in that it offended . . . generally accepted standards of decency and morality; (ii) [the defendant] intended to cause, or acted in reckless disregard of the likelihood of causing, emotional distress; (iii) [the plaintiff] suffered severe emotional distress; and (iv) [the defendant's] conduct proximately caused [the] emotional distress.*"* *Prince v. Bear River Mut. Ins. Co.,* 2002 UT 68; 56 P.3d 524 (Utah, 2002).

     Plaintiff claims blithely in paragraph 9 that "Defendants committed outrageous conduct." This is insufficient to meet the requirement of the first element for an IIED claim.  Plaintiff does not describe what conduct is outrageous, nor how any such conduct was so outrageous or intolerable as to offend the general standards of decency and morality.  Indeed, at its root, Plaintiff's chief complaint is that the Defendants failed to provide her with a law school degree when she believes, incorrectly, that she completed the necessary requirements to obtain it.  Paragraphs 13-32 would purport to describe this conduct, but even a cursory review of those paragraphs leaves no question that the conduct of the Defendants was not outrageous and did not rise to the extremely offensive nature required to maintain an IIED claim.  Additionally, Plaintiff makes no specific allegations of any conduct against the individual defendants other than that they were professors or administrators at the Defendant law school and are somehow therefore liable as well.  We are left completely unaware of what actions any of them took that would contribute to this claim.

     The second element goes similarly unmet.  Plaintiff claims, in paragraph 10, that "the defendant's intention of causing or with reckless disregard of the probability of causing emotional

distress." As to the individual defendants, again Plaintiff has provided no allegations of any action taken by any Defendant. Without those allegations, it is impossible to claim that they have acted with the requisite intent necessary to support an IIED claim. As for the Defendant law school, the specific claims set forth in paragraph 34-38 provide no insight or evidence of any intent to harm or any reckless disregard for any of the Plaintiff's alleged rights. In fact, an overview of those paragraphs paints a picture of a long-term, interactive process involving multiple meetings, discussions, conversations, or other hearings conducted before any final action was taken. If anything, the Plaintiff's complaint shows a careful, considered and calculated approach by the Defendants, undertaken to ensure the protection of all parties involved.

Plaintiff's paragraph 11 reads, "Plaintiff suffered severe or emotional distress;". Plaintiff's paragraph 12 reads, "and Plaintiff's severe emotional distress was proximately caused by the defendant's outrageous conduct." No other mention or description of that "severe emotional distress" nor of any allegation or reason to establish a causal connection between it and any conduct by any Defendant is made anywhere in the Complaint. These are the exact type of "naked assertions devoid of further factual enhancement" prohibited by *Iqbal*, supra pg. 2. They will not survive a subsequent motion to dismiss and are therefore futile. Plaintiff's motion for leave should be denied.

### *3. Negligent Infliction of Emotional Distress*

Negligent Infliction of Emotional Distress (NIED) is also a state law claim. All of the arguments above in regard to Plaintiff's failure to make proper allegations regarding the commission of outrageous conduct and the Defendants' lack of intent are applicable to this cause as well. In addition, under a claim for NIED, the Plaintiff must show, "that the actor 'should have realized that

the distress, if it were caused, might result in illness or bodily harm'" *Olsen v. Univ. of Phoenix*, 2010 UT App 327, 244 P.3d 388, 391 (Ct. App. Utah 2010), citing *Harnicher v. University of Utah Med. Ctr.*, 962 P.2d 67, 69 (Utah 1998).  Additionally, "'the emotional distress suffered must be severe; it must be such that a reasonable [person,] normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case.'" Plaintiff's claims of the distress she suffered under her NIED theory are encapsulated in paragraph 37, where she discusses her headaches and her subsequent overdose of acetaminophen.  On its face this claim must fail.  Even taking paragraph 37 in a light most favorable to the Plaintiff, it is clear that any damage she allegedly suffered came about by way of her own decision to overdose on acetaminophen, rather than any stress placed on her by way of any of the Defendants' actions. It is unreasonable to surmise or even allege that the Defendants some how "should have realized" that the Plaintiff would overdose.

The Utah Supreme Court has further held, "[w]e therefore hold that it is impossible for us to articulate a mechanistic test, as opposed to identifying an analytic approach, in a case which challenges no traditional limitations.  In effect, our holding in this case stands for the proposition that **one may recover for the negligent infliction of emotional distress when one was in the zone of danger created by the negligence and suffered a physical impact.**" *Johnson v. Rogers*, 763 P.2d 771 (Utah 1988) (emphasis added). Under this analysis, the Plaintiff would need to have alleged that the Defendants committed some act toward a third party, that Plaintiff was in the "zone of danger" of that act and that she incurred some sort of physical impact from that act.  None of this has been alleged by the Plaintiff.  Plaintiff's NIED claims would not survive a motion to dismiss as

currently pled, and therefore leave to amend the complaint should not be granted.

### 4. Constitutional Tort

Plaintiff has not alleged which, if any, portion of the U.S. Code or the U.S. Constitution the Defendants may have violated.  Regardless, under all such constitutional claims the initial element that a plaintiff must show is that the Defendant is a state actor. *J.M. v. Hilldale Indep. Sch. Dist. No. 1-29*, 397 Fed. Appx. 445; 2010 U.S. App. LEXIS 18998 (10th Cir. 2010).  Plaintiff claims that the ability to issue a Juris Doctor degree and the receipt of federal funds makes the Defendant Law School a state actor.  No allegations whatsoever have been made against the individual defendants that would qualify them as state actors, and so the cause of action cannot stand against any of them.  As to the Law School, regulation by a state ane the receipt of funding does not qualify an otherwise private entity as a state actor.  *Anderson v. Humana, Inc*.1994 U.S. App. LEXIS 21266 (10th Cir. 1994).  None of the Defendants are state actors and so this cause of action must fail.  As such, the Court must deny the motion for leave to amend the complaint.

### 5. Prima Facia Tort

Plaintiff's claim for a "prima facie tort" contains a rote but incomplete repetition of the basic elements for any tort claim.  There are no specifics whatsoever.  These are the exact type of "naked assertions devoid of further factual enhancement" prohibited by *Iqbal*, supra pg. 2.  Additionally, the Utah Supreme Court has held that no cause of action for "prima facie tort" even exists in the state of Utah.  *DOIT, Inc. v. Touche*, 926 P.2d 835, fn. 11 (Utah 1996).  This claim must fail and as such, leave to amend must be denied.

### 6. Injunctive Relief

Plaintiff provides no basis in law, whether in statue or by case law, for the injunction she seeks. Additionally, she fails to provide any specifics as to the activity conducted by the Defendants which needs to be prohibited. Her request for an injunction includes the sub-headings "clear right to relief sought", "Defendants have duty to perform action in question", and "no other adequate remedy is available." Given those headings and the content of paragraph 63 of the Second Amended Complaint, it would appear that what the Plaintiff is attempting to seek is a writ of mandamus.

Mandamus is a drastic remedy "to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34, 101 S. Ct. 188, 66 L. Ed. 2d 193 (1980). "For mandamus to issue, there must be a clear right to the relief sought, a plainly defined and peremptory duty on the part of respondent to do the action in question, and no other adequate remedy available. Petitioner must also show that his right to the writ is clear and indisputable." *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990) (citation and quotation omitted). Plaintiff fails on at least the first two elements. First, there is no clear right to the relief she seeks. There is no established right, by statute or otherwise, for a person to obtain a degree from law school, particularly in the face of their failure to meet the requirements for graduation. Additionally, despite her claims in paragraph 65 that "[t]he relationship of student-professor comes with an inherent legally recognized duty to provide an education to the student", no such duty actually exists anywhere. There is no statue or other law that would require any professor to act in the way the Plaintiff requests. There simply is no duty on behalf of the Defendants to issue a diploma where one has not been earned. The Plaintiff's complaint for a writ of mandamus cannot survive a motion to dismiss, and so leave should not be granted to amend the complaint.

## CONCLUSION

Based on the foregoing, it is clear that the amended complaint, as proposed by the Plaintiff, would be futile as the claims addressed here would not survive a motion to dismiss under Fed. R. Civ. P. 12(b). Plaintiff's motion should therefore be denied.

DATED May 7, 2012.

>   /s/ Bruce M. Franson
>   BRUCE M. FRANSON
>   Attorney for Defendant Thomas Jefferson School of Law

Delivery Certificate

I hereby certify that I caused a true and correct copy of the foregoing MEMORANDUM to be served by the method(s) indicated below and addressed to the following on May 7, 2012.

Jesse Anne Majors
6649 S 5500 W
West Jordan, UT 84081
jessemajors@netscape.com

Delivered:
( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
( x) E-mail
( ) CM/ECF Posting


        /s/ Bruce M. Franson