S. Austin Johnson (USB #5179)
359 East 1200 South
Orem, UT 84058
(801) 426-7900
(801) 607-2216, fax
Saj3orem@comcast.net

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESSE ANNE MAJORS<br><br>             Plaintiff,<br><br>vs.<br><br>THOMAS JEFFERSON SCHOOL OF LAW, RUDY HASL, JEFFREY JOSEPH, CLAIRE WRIGHT, ERIC MITNICK AND ELIZABETH KRANSBERGER<br>             Defendants. | **REPLY TO DEFENDANTS MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (Dkt 103)**<br><br>Case No.   2:11cv00558-CW<br><br>Judge Clark Waddoups<br><br>**DEMAND FOR JURY TRIAL** |

Comes now, Plaintiff Jesse Majors, through counsel, S. Austin Johnson, and based upon reasonable belief, information and knowledge, hereby states:

**ARGUMENT**

Counsel, S. Austin Johnson, enters his appearance on behalf of Plaintiff so as to assist her in presentation of her cause of action.  He has worked with her to rewrite the amended cause of action she filed in April 2012.  The Second Amended Complaint that she seeks leave to file is

filed simultaneously with this reply. Counsel has no objection to defendants filing a surreply in response to the changes made herein.

Rule 15(a) of the Federal Rules of Civil Procedure which sets forth the standard for granting leave to amend a complaint, states that "leave shall be freely given when justice so requires."[1] Underlying rule 15(a) is the "court's ultimate goal [of having] the 'real controversy between the parties presented, their rights determined, and the cause decided.'" In addition, under the Utah Rules of Civil Procedure, this leave should be granted liberally.

In Defendants Memorandum in Response to Plaintiff's Motion for Leave to Amend Complaint (Dkt. 103), Defense counsel states, "For the Plaintiff's current motion for leave to be granted she must show that the Second Amended Complaint cures the prior defects and is pled in a manner sufficient to survive a motion to dismiss." Plaintiff's Second Amended Complaint, final version submitted herewith, meets the pleading standards set forth in *Twombly*[2] and *Iqbal*.[3] A "rote repetition of the elements of a cause of action"[4] is *not* the standard Plaintiff used in her Amended Complaint. In Plaintiff's Second Amended Complaint (Dkt 102), Plaintiff indicated the who, what, when and where of each violative action taken on part of the Defendants. Each Defendant is personally identified and related back to each cause of action the individual Defendant violated.

Plaintiff's previous complaint was dismissed on March 19, 2012 (Dkt. 101), but Judge Clark Waddoups stated in Docket 102, that "the Plaintiff may again seek leave of the court to amend her complaint by filing a new motion, and attaching a copy of the proposed amended

---

[1] Utah R. Civ. P. 15(a) ("[L]eave shall be freely given when justice so requires.").
[2] *Atlantic Corp. v. Twombly*, 660 U.S. 544 (2007)
[3] *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).
[4] *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

complaint in which she includes all of the claims she intends to assert…If the Plaintiff elects to move for leave to amend the complaint, the motion shall be filed on or before April 23, 2012." Plaintiff submitted her Motion and Amended Complaint within the time allotted and as permitted by Judge Waddoups.  There is no reason why the Second Amended Complaint should not be allowed.  Defendant claims that leave to amend the complaint should be denied because the complaint is futile.  This issue is not one to be decided on a motion for leave to amend.  Furthermore, the causes of action are meritorious.

   *1.     Breach of Contract*

Defendants claim that Plaintiff has not met the requirements for graduation and receipt of a diploma because Plaintiff committed plagiarism while in law school.  Under the policies set forth by Defendant Law School, Defendants Rudy Hasl, Jeff Joseph, Beth Kransberger, Eric Mitnick and Claire Wright, Plaintiff has fully satisfied the requirements for graduation.

In light of a plagiarism accusation, Plaintiff should have been granted a hearing as outlined in Defendant Law School's handbook.  Point of fact, Plaintiff was given no opportunity to defend herself.  Plaintiff is willing to defend herself against the false accusations of plagiarism, with all due process rights afforded her.   This Court, by granting leave to amend the complaint, will allow Plaintiff to defend herself appropriately, with the assistance of counsel.  The factual issue of whether Defendants breached the contract and whether their breach was justified by the alleged defense of Plaintiff's plagarism are issues that should go forward in litigation.

   2.    *IIED*

Defendants have falsely stated in their memorandum, that Plaintiff did not describe any

conduct that was so outrageous or intolerable as to offend the general standards of decency and morality, a required element of IIED.  The count alleging IIED goes into great detail describing the conduct of the Defendants that is outrageous and extremely offensive.The Defendants approach in dealing with Plaintiff Majors was a quid-pro-quo-type of coercion, intimidation and an emotionally process .  Nearly two years of suffering through ignored e-mails, threats, unprofessional conversations with Plaintiff's parents and purposeful ignorance of Plaintiff's multiple requests for assistance satisfies every **element of** the intentional infliction of emotional distress tort.

　　　　3.　　　*Negligent infliction of emotional distress*

Upon further review, Plaintiff stipulates that negligent infliction of emotional stress is not an appropriate cause of action for this case.  Plaintiff has withdrawn this count from the cause of action.  The court may disregard it.

　　　　4.　　　*Constitutional tort, under section 1983*

Defendants only argument against the constitutional tort, under section 1983 is that Defendants are not state actors based on the argument that receipt of funding does not convert a private corporation into a state actor.  Plaintiff argues that the *combination* of  receiving income from governments, being heavily regulated by the state, having state-appointed members on the board of directors, having state-appointed members running the school, participating in joint activity with the State or its agents, and performing an essential part of state licensing, without supervision, direction and  input and the fact that there are state statutes that obligate the private entity to perform certain functions all amounts to state action.  According to *United States v. Classic*, 313 U.S. 299, 326 (1941), "state action is found when there are acts under color of state

law, by using power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."

Furthermore, several different tests have been applied by Supreme Court's to determine whether private entities meet the under color of state law element, and state actor element, including the public function test, joint action test and nexus test. Historically, for example, state action is found when a private corporation, such as Defendant TJSL, provides a "public function", as in *Marsh v. Alabama,* 326 U.S. 501, 506 (1946).[5] *See also Terry v. Adams,* 345 U.S. 461 (1953); *Evans v. Newton,* 382 U.S. 296, 299 (1966) ("That is to say, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations."). According to *Brentwood Academy v. Tennessee Secondary School Athletic Association,* 531 U.S. 288, 296 (2001), "state action if found when a private actor 'is a willful participant in joint activity with the State of its agents.' " Defendant TJSL is a state actor by having authority delegated from the State to provide professional licensing by issuing a diploma that permits the licensing to go forward.

Constitutional rights is 'fairly attributable to the state.' " *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982); *West v. Atkins,* 487 U.S. 42, 49 (1988). *Lugar* provides a two-part test for determining 'fair attribution'. "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct composed by the state or by a person for whom the State is responsible…Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state

---

[5] http://www.rbs2.com/eas.pdr (last accessed May 17, 2012).

official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id*.

The State of Pennsylvania is a major actor following the rule that state-related colleges are state actors in that this state appoints 1/3 of the board of directors of each of three state-related universities and because the state provides continuing financial support to operate the college. Both of these elements are found in Defendants. The Pennsylvania State Supreme Court has found state action in many cases, with factors determining that universities were state actors including those mentioned above and that Temple University, for example, "itself does not know whether it is public or private." *Isaacs v. Board of Trustees of Temple University of Commonwealth Systems of Higher Education,* 385 F.Supp 473 (E.D.Pa. 1974). Point of fact, Defendant TJSL has stated is two separate documents submitted to the court, that it is a "private educational institution" and a "publicly held corporation". Defendant TJSL seems to not know whether it is public or private, just as Temple University, who was found to be a state actor.

Plaintiff contends that Defendant Law School, Defendants Rudy Hasl Claire Wright, Beth Kransberger, Eric Mitnick and Jeff Joseph meet these elements. They are acting under the color of state law and are state actors. Defendants have not refuted any of these factors. For, "satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." *Kirtley v. Rainey,* 326 F.3d 1088, 1092 (9th Cir. 2003) (citing *Lee v. Katz,* 276 F.3d 550, 554 (9th Cir. 2002)). Therefore, this cause of action will not fail.

    5.    *Prima Facie Tort*

Defendants have again misled the court by stating, in their memorandum, Docket 103, that the Utah Supreme Court does not recognize the concept of prima facie tort. Defendants rely

on this assertion based on *DOIT, Inc. v. Touche*, 926 P.2d 835, fn. 11 (Utah 1996).  However, this case does not state that.  Instead, *DOIT , in  a footnote reciting dicta, simply* states that the state of Utah thus far has not recognized a prima facie tort cause of action. *Id.*  Other states have recognized a prima facie tort, such as the states of Wisconsin, New York, New Mexico and Missouri; the state of Utah is surely to follow.  As Geri Shaprio has stated so succinctly in explaining this doctrine,

> "The prima facie tort doctrine exists on the fringes of tort law as a theory that allows a plaintiff to recover for damage resulting from a defendant's intentional and malicious infliction of harm. Under this theory, a court's inquiry focuses on the defendant's motivations and intentions to determine whether liability should be imposed. Courts have used this general doctrine to establish a separate cause of action, the prima facie tort. Alternatively, they have used the theory to justify imposing liability under other causes of action by expanding existing torts or by creating new ones."[6]

Furthermore, Defendants have not refuted any of the elements for this tort.  Thus, this cause of action is not futile.  Plaintiff has asserted fully and satisfactorily, explaining each element of this cause of action.

     6. *Injunctive Relief*

Defendants are right to indicate that the relief Plaintiff is seeking a writ of mandamus. This issue needs to be litigated and should not be decided on a motion seeking leave to amend the complaint.

## CONCLUSION

---

[6]  Note: The Prima Facie Tort Doctrine: Acknowledging The Need For Judicial Scrutiny Of Malice.  63 B.U.L. Rev. 1101 (1983).

Based on the foregoing, it is clear that the Second Amended Complaint, filed simultanously with this reply, states a cause of action that is not futile and Plaintiff should be granted leave to file it.  Thus, Plaintiff's Motion should therefore be granted.

DATED this 21th day of May, 2012.

              Respectfully,

              S. Austin Johnson


Delivery Certificate

I hereby certify that I caused a true and correct copy of the foregoing Notice to be served by the method(s) indicated below and addressed to the following on the 21th day of May, 2012.

ROBERT H. WILDE #3466
BRUCE M. FRANSON #10792
ROBERT H. WILDE, ATTORNEY AT LAW, P.C.
935 East South Union Avenue Suite D-102
Midvale, Utah 84047
Telephone: (801) 255-4774
Fax: (801) 566-5202
bob@rhwildelaw.com
*Attorneys for Defendant Thomas Jefferson School of Law*

Delivered:
( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
(x) E-mail
(x ) CM/ECF Posting

DATED this 18th day of May, 2012.

8

_____
S. Austin Johnson