S. Austin Johnson (USB #5179)
359 East 1200 South
Orem, UT 84058
(801) 426-7900
(801) 607-2216, fax
saj3orem@comcast.net

Attorney for Plaintiff Majors

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PLAINTIFF JESSE ANNE MAJORS ) | SECOND AMENDED COMPLAINT |
| ) | |
| Plaintiff, ) | Case No. 2:11cv00558 |
| ) | |
| vs. ) | DEMAND FOR JURY TRIAL |
| ) | |
| THOMAS JEFFERSON SCHOOL OF ) | |
| LAW, RUDY HASL, JEFFREY JOSEPH, ) | |
| CLAIRE WRIGHT, ERIC MITNICK AND ) | |
| ELIZABETH KRANSBERGER ) | |
| Defendants. | |

Comes now, Plaintiff Jesse Majors, through counsel, S. Austin Johnson, and based upon reasonable belief, information and knowledge, hereby states and alleges the following as her cause of action against Defendants:

1. Plaintiff Majors is resident of the State of Utah.

2. All individual Defendants are residents of the state of California.

3. Defendant Rudy Hasl is Dean of Defendant Thomas Jefferson School of Law, President of Defendant TJSL and a Professor of Law.

4. Defendant Jeffrey Joseph is the Associate Dean of Defendant TJSL, General Counsel for Defendant TJSL and faculty of TJSL, and a Professor of Law.

5. Defendant Elizabeth Kransberger is an Associate Dean of Student Affairs at Defendant TJSL and an Adjunct Faculty Member.

6. Defendant Eric Mitnick is the Associate Dean of Academic Affairs at Defendant TJSL and is a Professor of Law.

7. Defendant Claire Wright is the Head of the Ethics Committee at Defendant TJSL and is an Associate Professor of Law.

8. Thomas Jefferson School of Law is a private university offering a legal education and is accredited by the AALS, recognized by the California State Bar, and is located in San Diego, California.

9. This court has jurisdiction under federal diversity jurisdiction.

10. Venue is proper in Utah because defendants are doing business within the state through distance learning services provided herein, because Plaintiff Majors lives herein, and she was allowed to complete much of her education within this state.

Count I
Breach of Contract

Plaintiff Majors incorporates by reference the above paragraphs as if stated herein and further alleges:

11. Defendants offered Plaintiff Majors an LSAT Scholarship to attend their law school.

12. Plaintiff Majors accepted the offer and paid over $200,000.00 in tuition to attend and complete law school.

13. Plaintiff Majors attended Defendant Law School from the years 2006 to 2011.

14. Plaintiff Majors completed all requirements for graduation, including completing 90 semester units, paying in full all financial obligations to Defendant Law School, completing upper level writing requirements and keeping her GPA above the minimum 2.00 so she could be awarded the professional degree of Juris Doctor.

15. Defendants alleged Plaintiff Majors committed plagiarism and have refused to award her a diploma and a degree of Juris Doctor.

16. Plaintiff Majors has met all requirements imposed by Defendants to be in good standing by making diligent, reasonable effort to cure any alleged defect of plagiarism. She completed online classes, sponsored by the State Bar of California, completed MCLE credit towards Ethics training and completed writing requirements.

17. Defendants TJSL, Claire Wright, Jeff Joseph, Eric Mitnick, Beth Kransberger and Rudy Hasl breached the contract by acting in bad faith in failing to work with Plaintiff Majors in her efforts to cure the alleged defect of plagiarism, in harassing her with claims of improper conduct, and in refusing to allow her to progress in her schooling.

18. Defendants breached the contract by failing to issue a diploma and refusing to award the professional degree of Juris Doctor to Plaintiff Majors.

19. Defendants breach caused economic damages to Plaintiff in the way of lost wages, lost earning potential, emotional distress, personal injuries, and extra interest expenses on student loans and the expense of tuition of over $200,000.00.

Count II
Intentional Infliction of Emotional Distress

Plaintiff incorporates by reference the above allegations as if stated herein and further states:

20. Defendants conduct complained of above was outrageous and intolerable in that it offends generally accepted standards of decency and morality;

21. The Defendants intended to cause, or acted in reckless disregard of the likelihood of causing emotional distress; and

22. Plaintiff Majors suffered severe emotional distress; and

23. Defendants conduct proximately caused the emotional distress.

24. Defendants committed outrageous conduct. The extreme and outrageous character of the conduct of Defendants includes their actions in abusing their position of power over Plaintiff Majors.

25. The power differential between Defendants and Plaintiff Majors was used in a coercive nature, intimidating Plaintiff Majors into accepting resolutions that were unfair, unreasonable, and improper.

26. Defendants caused Plaintiff Majors to miss deadlines for taking exams, deadlines for registering for study abroad programs, and deadlines for registration, thereby increasing the financial and emotional burdens on her and her family.

27. Defendants Rudy Hasl, Jeff Joseph, Claire Wright, Eric Mitnick, and Beth Kransberger knowingly ignored Plaintiff's e-mails. For nearly a full year, Plaintiff's email and phone calls were ignored.

28. All Defendants are professors, teachers, mentors, counselors and/or attorneys and held to a higher standard of professionalism so their conduct is especially egregious, outrageous and intolerable.

29. Plaintiff was denied an opportunity for a hearing and any fair and reasonable process to defend herself from allegations raised by the defendants in proper accordance with Defendant Law School's policy and notions of fair play.

30. Defendants imposed unreasonable, onerous, and burdensome obligations on Plaintiff Majors including a pre-approved topic for a paper, denying her an opportunity to defend herself against the charge of plagiarism, and refusing to answer emails and concerns about negative allegations against her.

31. Plaintiff endured Defendants' conduct for years. No reasonable person should be expected to endure such conduct for such a long time. Plaintiff's requests were ignored for so long, that the semester ended and the options to attend ethics training and work with Professor Gregg Miller were no longer an option.

32. Defendants actions were unreasonable in acting as they have done in refusing to allow Plaintiff to graduate with the degree of Juris Doctor, in refusing to accept her self-study work, in refusing to provide a procedure whereby she could resolve ethics and emotional issues that arose during her course of study.

33. Plaintiff suffered through the deaths of seven of her family members in a five-year period, including the overdose and death of her youngest brother. Plaintiff gave birth to a healthy child who was eventually placed in the Newborn Intensive Care Unit for several weeks. Plaintiff herself suffered congestive heart

failure twice. It is highly probable that a reasonable person would be under severe emotional strain.

34. Defendants knew of the deaths of her family members, the hard pregnancy and the health problems of the Plaintiff when they falsely accused her of plagiarism. Defendants thus had the knowledge of the high degree of probability of causing severe emotional distress when they questioned her without the assistance of counsel, refused to allow to her respond to the allegations against her, coerced Plaintiff Majors into accepting an unfair resolution to the false allegations and refused to answer plaintiff's multiple requests to complete the added, unethical and unfair requirements placed on her.

35. Defendants actions were the proximate cause of Plaintiff' taking multiple leaves of absence, unnecessarily prolonging her graduation, attending multiple counseling sessions, increasing medication for anxiety and stress and medical problems severe enough to require hospitalization, that would not have otherwise occurred.

36. Plaintiff suffered severe or extreme emotional distress proximately caused by the Defendants' outrageous conduct.

37. Plaintiff is entitled to recover compensatory damages for such actions.

<u>Count III</u>
<u>Constitutional Tort. Section 1983.</u>

Plaintiff incorporates by reference the above allegations as if stated herein and further states:

38. Defendant TJSL is a state actor by having the authority of law to issue a professional degree of Juris Doctor, allowing a student to become a lawyer in the State of California and elsewhere and by receiving federal funding for education.

The Individual Defendants are state actors by acting as a regulator with authority delegated from the state to decide who may graduate from a law school and who may engage in the legal profession.

39. The Fifth and Fourteenth Amendment to the Constitution protect Plaintiff Majors' right to not be deprived of liberty and property without due process of law. Plaintiff Majors has a constitutionally protected liberty interest in pursuing a chosen profession.

40. The actions taken by Defendants that preclude her from entering the legal profession were taken without due process of law, are against professional standards established by the American Bar Association, the State Bar of California, the San Diego County Bar Association, and are performed by defendants without supervision, independent investigation, or independent action by the California division of professional licensing.

41. Defendants policy regarding ethics violations demonstrates that if a student is found guilty of an ethical violation, that student can be punished and sanctioned by the California State Bar and American Bar Association. Defendants included in their contract with Plaintiff that these government agencies will help enforce the judgment against Plaintiff if she does not fulfill her obligations under the Ethics Proposal.

42. While Defendants note the existence of governmental regulations in their Student Handbook, they go a step further and *rely* on governmental regulations, especially when addressing constitutional violations such as harassment, discrimination and intentional infliction of emotional distress.

43. The Defendants, while acting under color of law in administering their authority to issue diplomas professional degrees of Juris Doctor, have improperly and unlawfully deprived Plaintiff of her degree of Juris Doctor and of her opportunity to engage in the legal profession as a lawyer.

44. Plaintiff has been injured and incurred monetary loss by this deprivation of her liberty interest in violation of 42 USC Section 1983.

45. Plaintiff is entitled to an award of attorneys fees and costs under 42 USC Section 1988.

Count IV
Prima Facie Tort

Plaintiff incorporates by reference the above allegations as if stated herein and further states:

46. Defendants have intentionally committed actions, lawful at times, with the intention of injuring Plaintiff.

47. During this process her future goals, both personally and academically, were halted.

48. Defendants intentionally mistreated Plaintiff Majors by threatening her, harassing her, and ignoring her. Defendants did not properly address allegations of sexual harassment, they coerced Plaintiff Majors into resolutions of alleged ethics violations without a fair and reasonable process to determine whether the violations had occurred, and they failed to resolve Plaintiff's problems, concerns and questions in a timely manner.

49. The extreme and outrageous character of the conduct of Defendants includes their actions in abusing their position of power over Plaintiff Majors.

50. Plaintiff was injured by those actions.

51. Defendants did not have sufficient justification for these intentional actions that were intended to injure Plaintiff.

52. Plaintiff has suffered damages as a result of those injuries, which were proximately caused by Defendants.

53. Defendants are liable for Plaintiffs damages, including tuition paid for her education, lost earning potential, excess interest on student loans, emotional distress and lost enjoyment of life.

THEREFORE, Plaintiff requests

1. Grant credit for satisfactory completion of assignments so she has completion of all credits required for graduation;

2. Grant of Juris Doctorate degree;

3. Grant an injunction against any negative comments or documents being maintained in her file.

4. Plaintiff prays for damages in an amount no less than $200,000,000.00 for compensatory damages, a refund of college tuition, personal injury damages, lost wages, lost future earnings, lost liberty and property interests, punitive damages, attorney fees, medical bills, interest on student loans, lost job opportunities, court costs, and such other relief as the court may deem appropriate.

DATED this 21th day of May, 2012.

                                             Respectfully,


                                             S. Austin Johnson

Certificate of Mailing

I hereby certify that I caused a true and correct copy of the foregoing Notice to be served by the method(s) indicated below and addressed to the following on the 21th day of May, 2012.

ROBERT H. WILDE #3466
BRUCE M. FRANSON #10792
ROBERT H. WILDE, ATTORNEY AT LAW, P.C.
935 East South Union Avenue Suite D-102
Midvale, Utah 84047
Telephone: (801) 255-4774
Fax: (801) 566-5202
bob@rhwildelaw.com
*Attorneys for Defendant Thomas Jefferson School of Law*

Delivered:
( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
(x) E-mail
(x ) CM/ECF Posting

DATED this 21th day of May, 2012.

_____
S. Austin Johnson